■ BETH A. NOELLER, an Infant, by CAROLYN NOELLER, Her Mother and Natural Guardian, et al., Appellants, v COUNTY OF ERIE, Respondent.—Judgment unanimously reversed on the law with costs and new trial granted. Memorandum: The County of Erie developed and maintained on a hill in its park a series of slopes for sledding, tobogganing and sliding on saucers. Each activity was confined to a separate area and walks were provided for each slope so those using the slope could walk back up the hill. County employees supervised the hill and at least one employee was assigned to the slope set aside for the saucers.

On a Sunday afternoon, the infant plaintiff, 12 years old, while sliding down the slope on her saucer, was struck by three boys who were sliding together on a large innertube

from a truck tire. At the trial of the personal injury action brought by the infant and her mother against the County of Erie, the trial court dismissed the complaint at the end of plaintiffs' case. Relying upon certain language in *Benjamin v City of New York* (64 NY2d 44, 46), it held that plaintiffs had failed to prove a cause of action because "inadequate supervision comes into play only when there is notice and knowledge of ultrahazardous activity."

We reverse. The facts in this case differ from those in *Benjamin (supra)*. There, the infant was injured while playing softball on a vacant lot owned by the city. The city had no duty to provide supervision for its vacant lots and open areas unless it had knowledge of an ultrahazardous and criminal activity *(see, Solomon v City of New York,* 66 NY2d 1026; *Benjamin v City of New York, supra,* at 46; *Caldwell v Village of Is. Park,* 304 NY 268).

The Court of Appeals has recognized in other circumstances, however, that a municipality has the duty to provide an adequate degree of general supervision. These circumstances may arise when a municipality furnishes and invites the public to participate in an activity that may be hazardous unless supervised, such as where the city maintains a swimming pool for public use *(Curcio v City of New York,* 275 NY 20, *rearg denied* 276 NY 610), a public beach *(Augustine v Town of Brant,* 249 NY 198), or a municipal playground with play equipment *(Peterson v City of New York,* 267 NY 204). Under the circumstances of this case, where the county has provided and maintained hills for sliding, has invited large numbers of the public to participate in an activity that, if unsupervised, could be dangerous, and has in fact provided supervision, the municipality has a duty to exercise reasonable care, which includes a duty to furnish an adequate degree of general supervision. "Where a municipality undertakes to maintain an area for recreation in general some degree of supervision ought to be exercised to assure that the area is reasonably fit for that purpose" *(Caldwell v Village of Is. Park, supra,* at 274). Although in many instances the necessary degree of supervision may be slight *(see, Caldwell v Village of Is. Park, supra,* at 275), the jury could find here that more than a slight degree of general supervision was required. Moreover, under the circumstances, it could have found that adequate general supervision would have prevented the accident.

The testimony shows that the supervisor of the facility realized the danger to young children using the slope if

several larger children were to slide down together on one large innertube. There was evidence also that several boys were seen coming up the walkway of the slope together, carrying the large innertube. From this, the jury could infer that the boys had descended the slope on the single innertube at least once before. Further, there was evidence that normally a supervisor was stationed at the top of the slope to see that sliders did not go down at the same time. (Appeal from judgment of Supreme Court, Erie County, Mintz, J.—negligence.) Present—Callahan, J. P., Doerr, Boomer, Green and Lawton, JJ.