■ MELISSA SEIDEMAN, an Infant, by Her Father and Natural Guardian, WARREN SEIDEMAN, et al., Respondents, v COUNTY OF MONROE, Appellant.—Order unanimously affirmed without costs. Memorandum: In January 1984, plaintiff Melissa Seideman, then aged 8 years, went sledding with her father and brother in Powder Mills Park on a hill known as Big Ski Hill. The park is owned by the County of Monroe. As she walked up the hill, she was struck by a toboggan. She sustained a head injury and required hospitalization. The tobogganists fled and were never identified.

Plaintiffs commenced this action, alleging that the County maintained and operated a public sledding area at Powder Mills Park and had breached its duty for "the supervision, care, safety and signing of the sledding area, and to so manage and maintain the premises that they were safe for recreational use by the public, including the infant plaintiff."

The County answered, generally denied plaintiffs' allegations, and alleged plaintiffs' culpable conduct and failure to state a cause of action as affirmative defenses.

The County moved for summary judgment, arguing that the County is immune from liability pursuant to General Obligations Law § 9-103 and, in the alternative, that the County owed no duty to plaintiffs as a matter of law. Plaintiffs opposed the motion and cross-moved for summary judgment dismissing the County's second affirmative defense (immunity from liability under General Obligations Law § 9-103). The court denied the motion of the County and granted plaintiffs' motion.

General Obligations Law § 9-103, the so-called recreational use statute, grants immunity from liability for ordinary negligence to landowners who open their land to the public to engage in certain recreational activities. The statute was amended, effective September 1, 1984, to include sledding and tobogganing as activities for which a landowner, including a municipality, owes no duty. The County's argument that the amendment should be given retroactive application is without merit. There is no language in the statute indicating that the amendment should be applied retroactively. The statute is in derogation of the common law and should not be given application beyond the plain meaning of the words used in the statute (see, Sega v State of New York, 60 NY2d 183, 191; Gruber v Fairport Cent. School Dist., 147 Misc 2d 545, 547,

*affd* 174 AD2d 1021, *lv denied* 78 NY2d 860, *rearg denied* 79 NY2d 823). The second affirmative defense was properly dismissed.

Municipalities have a duty to maintain their park and playground facilities in a reasonably safe condition *(Solomon v City of New York,* 66 NY2d 1026, 1027). "This duty 'includes not only physical care of the property but also prevention of ultrahazardous and criminal activity of which it has knowledge' " *(Solomon v City of New York, supra,* at 1027, quoting *Benjamin v City of New York,* 64 NY2d 44, 46; *see also, Adams v New York City Hous. Auth.,* 165 AD2d 849, *lv denied* 77 NY2d 803). The County argues that sledding and tobogganing are not illegal or ultrahazardous activities, so the County had no duty to supervise them.

As this Court stated in *Noeller v County of Erie* (145 AD2d 919, 920), "[t]he Court of Appeals has recognized in other circumstances, however, that a municipality has the duty to provide an adequate degree of general supervision." Those circumstances include instances where the municipality "furnishes and invites the public to participate in an activity that may be hazardous unless supervised" *(Noeller v County of Erie, supra,* at 920).

Here, the record reveals that Powder Mills Park is open to the public. Another hill in the park was maintained for skiing, and skiing lessons were given there. There was a lodge located near Big Ski Hill. A parking lot was provided at the foot of Big Ski Hill for sledders. Moreover, at least one County employee was present in the area of the park where sledding was occurring. That employee admitted that he had been generally supervising the area to prevent illegal or unsafe behavior and had, in fact, stopped some sledders from engaging in unsafe behavior. Under those circumstances, there are questions of fact whether the County had a duty to maintain the sledding hill in Powder Mills Park in a reasonably safe condition and whether it breached that duty. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.