■ LAVERNE SINGLETON, an Infant, by His Mother and Natural Guardian, VERONICA SINGLETON, et al., Plaintiffs, v NEW YORK CITY HOUSING AUTHORITY, Defendant and Third-Party Plaintiff-Appellant. CITY OF NEW YORK et al., Third-Party Defendants-Respondents. [607 NYS2d 110] —In an action to recover damages for personal injuries, the defendant third-party plaintiff New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Held, J.), entered September 5, 1991, which granted the motion of the third-party defendants to dismiss the third-party complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The infant plaintiff was playing on a swing in a playground when his foot struck a low fence. He fell to the ground, and was injured. An action was commenced against the appellant, who, in turn, brought a third-party action against the third-party defendants. The third-party defendants moved to dismiss, arguing that no cause of action had been stated against them, and the Supreme Court, Kings County, granted the motion, dismissed the third-party complaint, and severed the action accordingly. The appellant argues that there were triable issues of fact as to whether the third-party defendants owned the property, had a duty to maintain it in reasonably safe condition, and breached that duty, proximately causing the injury. We agree and reverse.

If the third-party defendants owned the playground, they had the duty to maintain it in a reasonably safe condition, and may be held liable if the trier of fact finds that the injury was foreseeable and resulted from any negligence on their part *(see, Adams v New York City Hous. Auth.,* 165 AD2d 849; *Rosario v City of New York,* 157 AD2d 467; *Cruz v New York City Tr. Auth.,* 136 AD2d 196). In reviewing an order granting summary judgment, the evidentiary facts alleged by the party opposing the motion and the inferences which may be drawn from them must be accepted as true *(see, O'Neill v Town of Fishkill,* 134 AD2d 487). The appellant alleged clear specific facts supporting its claim, and the allegations were supported by evidence in the form of the infant plaintiff's deposition testimony. Therefore, it was error to dismiss the third-party complaint. Thompson, J. P., Rosenblatt, Ritter, Krausman and Friedmann, JJ., concur.