■ CHRISTOPHER REALE et al., Appellants, v HERCO, INC., et al., Respondents. (And Third-Party Actions.) [647 NYS2d 533] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered January 4, 1995, which, upon

granting the defendants' motions for judgment as a matter of law, is in favor of them and against the plaintiffs dismissing the complaint.

Ordered that the judgment is modified by deleting the provision thereof which dismissed the complaint insofar as it is asserted against the defendant Herco, Inc.; as so modified, the judgment is affirmed, with costs payable to the appellants by Herco, Inc., and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

This action arises from a playground accident suffered by the plaintiff Christopher Reale when he was just over three years old. He and his mother used a playground owned and operated by the defendant Herco, Inc. As Christopher descended a slide in the playground he fell off and injured himself and now contends that Herco, Inc. was negligent in the operation, maintenance, and installation of the slide equipment. Thereafter Game-Time, Inc., the manufacturer of the slide, was added as a defendant and as a third-party defendant by virtue of Herco's cross claims against it.

At trial, the final witness on behalf of the plaintiffs was a playground expert, whose testimony concerning the position of the slide and the lack of the use of resilient material under the slide, was precluded. At the conclusion of testimony, the defendants moved to dismiss the plaintiffs' complaint, and the motion was granted.

On appeal, the plaintiffs contend that the preclusion of their expert's testimony was error and that the court erred in dismissing the complaint as against both defendants. As concerns the preclusion of the expert's testimony regarding the use of resilient material under the slide, we agree that it was error to preclude this testimony. However, the court did not err in dismissing the complaint as against Game-Time, Inc.

Notwithstanding that the admission of expert opinion is a matter which rests within the discretion of the trial court, "[g]enerally, an 'expert' should be permitted to offer an opinion on an issue which involves 'professional or scientific knowledge or skill not within the range of ordinary training or intelligence' " (Dufel v Green, 84 NY2d 795, 797-798; Dulin v Maher, 200 AD2d 707), which both aids the jury and is relevant (see, De Long v County of Erie, 60 NY2d 296; Franco v Muro, 224 AD2d 579).

The trial court properly concluded that the expert's proffered testimony concerning the position of the slide, which was installed facing in a southerly direction and thereby allegedly

became excessively hot, was not relevant in establishing the proximate cause of the infant plaintiff's accident under the facts presented. No testimony was presented which supported the theory that the allegedly hot slide was a cause of the accident, and the preclusion of the expert's testimony in this area was proper.

The second aspect of the proffered expert testimony, however, addresses a relevant issue, the duty of using and the benefit to be gained by the use of resilient material around the base of the slide, and should not have been precluded. Herco need not be negligent in causing the child to fall from the slide to be found negligent in failing to conform to its duty to make the playground safe for its intended users. The expert testimony sought to address this issue, which was of a technical nature and relevant to the negligence of the defendant, and accordingly, was improperly excluded.

Game-Time, Inc. is not at fault in the happening of the accident as the installation instructions specified the use of resilient material around the base of the slide (see, Staymates v ITT Holub Indus., 364 Pa Super 37, 527 A2d 140).

The remaining contentions of the plaintiffs are without merit. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.