■ JENNA DASH, by Her Mother and Natural Guardian, ELLA DASH, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [654 NYS2d 33] —In an action to recover damages

for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated January 30, 1996, as, upon granting renewal and reargument, adhered to so much of an order of the same court dated September 13, 1995, as granted the branches of the motion by the defendant Trevus Construction Corp. and the cross motion by the defendant City of New York which were for summary judgment dismissing the complaint and cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the branches of the motion and cross motion which were for summary judgment dismissing the complaint and cross claims insofar as asserted against the defendant Trevus Construction Corp. and the defendant City of New York are denied, and the order dated September 13, 1995, is modified accordingly.

The infant plaintiff sustained serious physical injuries when, apparently after being jostled by another child, she fell from an elevated piece of playground apparatus in a municipal park. This "jungle gym" type structure consisted of a series of wooden blocks or columns ascending to a height of approximately six feet before leading to a metal slide. Notwithstanding that the plans and specifications for the playground called for the installation of "safety surfacing" of a minimum thickness of $3/4$ of an inch, it appears from the record that there was no shock absorbing padding on the asphalt pavement around the base of the slide, and there were no handrails to grasp on the wooden blocks leading up to the slide. The plaintiffs proffered affidavits of two experts who were of the opinion that this design departed from pertinent Consumer Product Safety Commission guidelines for enhancing playground safety, and that the negligent design and maintenance of the apparatus contributed to the infant plaintiff's injuries. The Supreme Court concluded that the defendants had not breached any duties owed to the plaintiffs and granted their respective motion and cross motion for summary judgment. We disagree.

On the instant record, including persuasive expert opinions (*see, Reale v Herco, Inc.,* 231 AD2d 619), we find that the plaintiffs have demonstrated the existence of issues of fact as to the potential liability of each of the defendants (*see, Rhabb v New York City Hous. Auth.,* 41 NY2d 200; *Brown v Welsbach Corp.,* 301 NY 202; *Giordano v Seeyle, Stevenson & Knight,* 216 AD2d 439; *Singleton v New York City Hous. Auth.,* 200 AD2d 732; *Rosario v City of New York,* 157 AD2d 467). Miller, J. P., Sullivan, Florio and Luciano, JJ., concur.