■ JEANNIE L. PROSSER, Individually and as Parent and Natural Guardian of JEFFREY A. HUNT, an Infant, Appellant, v COUNTY OF ERIE et al., Respondents, et al., Defendants. [665 NYS2d 216] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Plaintiff commenced this action for damages sustained by her eight-year-old son on June 11, 1992, when he fractured both

bones in his forearm after he fell from a piece of playground equipment known as the "dragon" while on a field trip with his class at Emery Park, which is owned and maintained by the County of Erie (defendant). The dragon consists of a curved ladder leading to two horizontal bars and a vertical pole for a child to slide down. A child playing on the dragon reaches the pole by climbing the ladder and grabbing one of the horizontal bars. Plaintiff's son fell from the lower bar, which was approximately 98 inches above a hard-packed dirt surface that may have contained a rock. The complaint, as amplified by the bill of particulars, alleged that defendant was negligent in failing to provide a proper surface beneath the dragon and in offering the dragon for public use because its defective design made it a dangerous instrument.

Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. Defendant has a duty to maintain its playground facilities in a reasonably safe condition (*see, Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202; *Seideman v County of Monroe,* 185 AD2d 640, 641). Defendant failed to meet its initial burden of establishing as a matter of law that the use of hard-packed dirt was appropriate to maintain the playground facilities in a reasonably safe condition (*see, Vonungern v Morris Cent. School,* 240 AD2d 926; *accord, Dash v City of New York,* 236 AD2d 579).

We do not consider defendant's argument that the complaint should be dismissed based on the doctrine of primary assumption of risk. That argument was not made before Supreme Court and therefore is not properly before us.

Finally, we conclude that plaintiff may not recover under a theory that the dragon was inherently dangerous due to a defective design and therefore that the County was negligent in offering it for public use. Defendant established by evidentiary proof in admissible form that the dragon is not inherently dangerous due to a design defect. The affidavit of plaintiff's expert that the dragon's design forces children into an "awkward" position is insufficient to raise an issue of fact whether the dragon is inherently dangerous (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Callahan, Doerr and Boehm, JJ.