OPINION OF THE COURT
F. Dana Winslow, J.
The defendants’ motion pursuant to CPLR 3212 for an order granting them summary judgment and dismissing the complaint is granted, and the complaint is dismissed.
*250 The instant action arises out of an accident which occurred on the defendants’ backyard play equipment when the plaintiff was almost six years old. The infant plaintiff was visiting the defendants’ infant daughter and the two had been playing on a backyard apparatus which, in part, consisted of a “fireman’s pole” which the children slid down. After more than an hour of such play the infant plaintiff’s mother returned to the defendant neighbors’ home to pick up her child, and had been talking with the defendant mother for about 15 minutes when her daughter, in sliding down the “fireman’s pole” slipped and injured her leg as she fell to the ground. The defendants move for summary judgment contending (1) that they owed no special duty to the plaintiffs arising from the infant plaintiff’s use of the play equipment, (2) that they did not breach any duty even if owed, and (3) that the plaintiffs have failed to show that any such breach was the cause of the infant plaintiff’s injuries.
As an initial matter, premise owners owe a duty of “reasonable care under the circumstances whereby foreseeability shall be a measure of liability” (Basso v Miller, 40 NY2d 233, 241; Scurti v City of New York, 40 NY2d 433; Barker v Parnossa, Inc., 39 NY2d 926) to their visitors and guests. “A landowner must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk” (Smith v Arbaugh’s Rest., 469 F2d 97, 100). Clearly then, the defendants’ contention that no duty was owed is mistaken. More narrowly framed, the issue presented is, however, whether what the homeowner did in installing, using and maintaining the play-set was reasonable as a matter of law. The court finds that the defendants’ actions were reasonable under the circumstances presented.
On this motion, examinations of the defendant mother, plaintiff mother and the injured child were presented. Additionally, the plaintiffs have submitted an affidavit of an alleged expert in sports and recreational safety in opposition to the motion, in which it is opined that the defendants’ conduct was a departure from accepted standards and practices of care and safety. The expert relies on certain American Society for Testing and Materials Standard Consumer Safety Performance Specification for Home Playground Equipment guidelines. Of particular note is section 8.2.2, the general information section for installation instructions directed to the manufacturer, which states: “The installation instructions and information *251 shall state the following * * * Do not install home playground equipment over concrete, asphalt, packed earth, or any other hard surface. A fall onto a hard surface can result in serious injury to the equipment user.” The only testimony and the photographic evidence on this issue, however, undisputedly establishes that the defendants never received any such instructions or warnings and, in fact, were told, by the professional installer, that the thick grass surrounding the playset was sufficient padding. Therefore, under the instant circumstances, the expert’s reliance on these guidelines is inapposite and unpersuasive.
In this regard the instant matter is distinguishable from both Reale v Herco, Inc. (231 AD2d 619) and Dash v City of New York (236 AD2d 579). The claim in Reale, as relevant here, arose from a playground accident which occurred when a three-year-old child fell off and injured himself while descending a slide in a commercial playground. At trial, the final witness on behalf of the plaintiffs was a playground expert, whose testimony concerning the position of the slide and the lack of use of resilient material under the slide, was precluded. On motion, the trial court dismissed the complaint as against the landowner. On appeal the Court reversed, finding that the proffered expert testimony was relevant in establishing the defendant’s negligence based on the issue of the duty of using and the benefit to be gained by the use of resilient material around the base of the 10-foot-high slide. The record also revealed that the landowner had been provided with instructions from the manufacturer as to the use of resilient material. In Dash, even though the plans and specifications for the playground called for the installation of “safety surfacing” of a minimum thickness of three fourths of an inch, the “jungle gym” and slide were installed without any padding on top of asphalt. The plaintiff proffered expert testimony that such an installation departed from the pertinent Consumer Product Safety Commission standards for enhancing playground safety, but the trial court dismissed the action as against the landowner, concluding that these defendants had not breached any duties owed to the plaintiffs. The appeals Court disagreed and, relying on the persuasive expert opinions, found that the plaintiff has demonstrated the existence of issues of fact as to the potential liability of each of the defendants, citing both Reale v Herco, Inc. (supra) and Rhabb v City of New York Hous. Auth. (41 NY2d 200 [holding that, inter alia, evidence of a shaggy black dog having been in the public playground cus *252 tomarily visited by students, over a four-month period, and having chased and attempted to bite various children, established that injury to the infant plaintiff was foreseeable]).
Under the circumstances presented in the instant action the court declines to find that the defendants’ actions in the installation and maintenance of the playground equipment was unreasonably dangerous. The defendants have made a prima facie showing that they were not provided with any instructions or guidelines as to the use of resilient material for the equipment in question, or that they were otherwise aware of any such need. The defendants’ reliance on the professional installer’s advice that the equipment’s installation on grass was sufficient constituted reasonable care under these circumstances (cf., Prosser v County of Erie, 244 AD2d 942 [4th Dept 1997]; Vonungern v Morris Cent. School, 240 AD2d 926 [where defendant failed to meet its initial burden of establishing as a matter of law that the use of hard-packed dirt was appropriate to maintain the playground facilities in a reasonably safe condition]). The plaintiffs have not rebutted this showing nor have they established that the equipment was installed in violation of known and accepted standards of safety.
The plaintiffs further contend that the defendants are liable as their child was a guest on the defendants’ premises and they breached their duty to supervise the infant plaintiff by failing to provide instructions to her in the use of the equipment and by permitting her to use the equipment as it was age inappropriate. Both of these contentions are rejected. The evidence establishes that the mother of the infant plaintiff was present at the playground equipment at the time of and 15 minutes before the accident occurred. In fact, the defendant mother was talking to the plaintiff mother at the time of the accident and watching the children over plaintiff mother’s shoulder. There was no assumption of custody or control under these circumstances and the plaintiffs’ assertions to the contrary are meritless. Further, the contentions concerning the defendants’ failure to warn the plaintiffs are similarly merit-less (see, e.g., Pepic v Joco Realty, 216 AD2d 95; Hessner v Laporte, 171 AD2d 999) as there “is no duty to warn against a condition which is readily observable” (Smith v Curtis Lbr. Co., 183 AD2d 1018, 1019).
Claims between neighbors are typically divisive. They are particularly destructive under the circumstances presented in this action because the defendants and the community had no notice of an alleged need to use resilient material beneath *253 ordinary outdoor play equipment. The imposition of such a duty requires the greatest of scrutiny, certainly under these facts, so common and pervasive as to assure far-reaching implications. Neighbors must be able to have normal relations unaffected by a fear of lawsuits. When claims are made there must be a breach of a recognizable obligation. Absent such prerequisites potential defendant landowners could not feel secure that lawsuits won’t spring, like dandelions, from a neighborly gesture.
Accordingly, the motion for summary judgment is granted and the complaint is dismissed.