GEORGE ZARILLO, Individually and as Guardian ad Litem of MARGARET ZARILLO, an Infant, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 33339.) — Appeal by the State from a judgment of the Court of Claims in favor of claimants. Cross appeals by claimants on the ground of the inadequacy of the awards. The infant claimant, then four

years old, while walking in Valley Stream State Park with other children, and when about 45 feet ahead of her mother and another adult, was injured when struck by a bicycle ridden by an unidentified boy. Immediately before the accident the boy and a companion had mounted their bicycles, which had been resting against a fence, and proceeded down a slope toward the children. Signs forbidding the riding of bicycles (but not walking with them) were posted at all the park entrances and at various points within the "south area" of 40 acres where the accident occurred. The prohibition was enforced by park employees as they observed violations. There does not appear to have occurred any previous accident of this nature. The trial court found the State negligent "in permitting children to have possession of bicycles in the park and to walk through the park with them." In our view of the facts, the State was not reasonably required to adopt such a rule of exclusion. Most forms of recreation involve some risk of bodily injury in greater or less degree and legislative safeguards such as were contemplated by the court below must be considered and devised on balance. The weights to be assigned many opposing factors — risk and convenience, for example — must be determined in the exercise of good judgment and of a discretion not lightly to be disturbed. The State argues that a rule forbidding persons with bicycles to walk through this park, some 30 blocks in length, or from one street entrance to another, would curtail the public use and benefit of the park area. However that may be, the record does not support the theory that in the exercise of reasonable care for the safety of persons frequenting the park the State was bound to adopt such a rule. Claimants assert that supervision was inadequate. The trial court did not deal directly with this issue but the record would not, in any event, support a finding of inadequacy of general supervision proximately causing the accident; and the State was not, of course, required to furnish strict or immediate supervision. The authorities upon which claimants rely seem to us not in point. In *Caldwell* v. *Village of Is. Park* (304 N. Y. 268), a fireworks case, the defendant had notice of long-continued "criminal and patently dangerous activities" (p. 275). The court said: "Negligence arises from breach of duty and is *relative to time, place and circumstance*" (p. 274). (Emphasis supplied.) The circumstances were, in fact, "unusual" and did not involve "a danger inherent in the ordinary play of children" (p. 275). In *Da Rocha* v. *New York City Housing Auth.* (282 App. Div. 728), a bicycle case, the court quoted the observation in the *Caldwell* case as to the relative nature of negligence and, as in *Caldwell*, found liability in the circumstances. The injury occurred in a housing project near one of four sprinkler-showers set up by defendant for the benefit of children, of whom there were 5,000 in the project, and the court found inadequate general supervision to be a proximate cause of a child's injury. In *Lopez* v. *City of New York* (4 A D 2d 48, affd. 4 N Y 2d 738), a playground swing case, supervision completely failed when defendant's supervisor "abandoned her post at the very time when large numbers of children came to the playground" (p. 51). In the case before us, we find none of the aggravated and unusual circumstances which impelled findings of negligence in the cases discussed. Judgment reversed, on the law and the facts, and claims dismissed, without costs. Settle order. Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ., concur.