Per Curiam.

The decisive principle is that a municipality aware that its park or playground is being used by visitors as a site for criminal activities, such as the unlawful discharge of fireworks, will be liable for resulting injuries if it fails to take appropriate preventative measures (see Caldwell v Village of Is. Park, 304 NY 268, 275; see, generally, 42 NY Jur, Parks and Recreation Centers, §§ 73, 91). This is derived from the general rule that a municipality is under a duty to maintain its park and playground facilities in a reasonably safe condition (see Caldwell v Village of Is. Park, 304 NY 268, 273, supra, and cases cited).
In the Caldwell case (supra) this court sustained the infant plaintiffs recovery for an eye injury suffered on the defendant’s park bench from the discharge of a Roman candle by a group of boys on Independence Day. The court found sufficient evidence in the record to sustain the jury’s conclusion that the municipality had constructive if not actual notice of the illegal and ultrahazardous activity (p 275). Similarly, in the present case, the defendant board had on numerous occasions been informed that firecrackers were being exploded in the schoolyard.
That the schoolyard was not run as a supervised afterschool play area and the infant plaintiff and the other children were not expressly invited to play there does not remove this case *800 from the reach of Caldwell. The invitation can be implied from the fact of actual notice to the board that children had for years been using the schoolyard as a playground, and the board’s failure tó make any effort to exclude them (see 42 NY Jur, Parks and Recreation Centers, § 73, at pp 602-603; cf. Prosser, Torts [4th ed], § 59, especially n 69, at p 368). Indeed, members of the community, concerned about the firecrackers, had requested that the missing gates of a high metal fence separating the schoolyard from the sidewalk be reconstructed so that the yard could be closed. Defendant failed to take this or any other protective measure, and as a consequence, an exploding firecracker put out the eye of the seven arid a-half-year-old plaintiff.
It would be retrogressive, and would weaken well-established doctrine sustaining liability, especially to children, for injuries due to hazards in public or publicly-maintained places, to import that the present case involves a new or major step in imposing liability.
Accordingly, the judgment of Supreme Court should be affirmed, with costs.