■ HAMPTON RHABB, an Infant, by His Mother and Natural Guardian, EDNA RHABB, et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered July 21, 1975 in favor of defendant, upon the trial court's

dismissal of the complaint at the close of the case, at a jury trial. Judgment affirmed, without costs or disbursements. The infant plaintiff was injured when he was bitten by an unleashed dog in a playground located within a housing project owned and operated by the defendant. The playground was open to the public and anyone could enter. It was not supervised and no guards were assigned to it by the defendant housing authority. The dog was apparently owned by an employee of defendant who was assigned to the maintenance staff. That employee could not be located and did not testify at trial. There was testimony by the infant plaintiff at an examination before trial that he had been teasing the dog, but, at the trial, he denied that he had done so. No proof was adduced that the plaintiff, or anyone else, had complained of the presence of a dog within the playground area prior to the date of the accident. Under the circumstances herein, having no prior notice, the defendant cannot be held responsible for the infant plaintiff's injuries; the complaint was therefore properly dismissed. The fact that the defendant's employee (the apparent owner of the dog) was aware of the vicious propensities of his dog, but nevertheless allowed it to roam the playground unleashed, does not amount to constructive notice to defendant. This employee was on the maintenance staff and clearly was not a supervisory employee or a representative of defendant; notice, therefore, may not be imputed to the defendant. Hopkins, Acting P. J., Martuscello, Damiani and Christ, JJ., concur; Hawkins, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: There was a sufficient prima facie case presented by plaintiffs with respect to constructive, if not actual, notice of the vicious propensities of the dog which was owned by the defendant's maintenance employee. It should have been left for the jury to determine the playground's status and whether it was regularly used by children attending the adjacent public school, for only after such a fact-finding could it have been determined whether the cases of *Caldwell v Village of Island Park* (304 NY 268) or *Nicholson v Board of Educ. of City of N.Y.* (36 NY2d 798) are controlling. The trial court further erred in holding, as a matter of law, that there was no fact issue as to whether defendant had prior knowledge that its employee had been violating its ban, applicable to both tenants and employees, on keeping pets; that the defendant's employee was under no duty to restrain the dog after the attack commenced; and that it was incumbent upon the plaintiffs to prove actual rather than constructive notice. I note, but do not deem it necessary to pass upon, the question whether a portion of the testimony by the plaintiff mother as to a conversation she had with a housing authority police officer concerning his knowledge of prior incidents involving the same dog was properly excluded. I therefore vote to reverse and to grant a new trial.