Cooke, J.
As the result of a 1973 playground incident, Hampton Rhabb, the infant plaintiff, allegedly sustained a fractured patella requiring open reduction and resulting in permanent disability. In a suit brought on his behalf and by his mother, at the conclusion of their proof upon a trial to determine liability, the complaint was dismissed. The Appellate Division, one Justice dissenting, affirmed.
Defendant operated the Williamsburg Housing Project covering 16 blocks of Brooklyn real estate. Within this space were several playgrounds, all open to the public. One of these play areas, located at or near 164 Ten Eyck Walk, was about a half block in size. There was a fence around part or all of it, with paths leading therefrom to the street and to a basketball court. The playground was equipped with items such as a spider web, rocket, airplane and monkey bars. Children of tender years played there. It was unsupervised. Across the street was a school, I.S. 49, at which Hampton Rhabb, then 12, was a student.
There was testimony: that every noon hour on nice days from the beginning of school in September, 1972 until the day of the accident, a period of about four months, pupils from the school went to the playground; that on each of these occasions an unleashed black, shaggy dog about two or two and a half feet tall and belonging to one of defendant’s employees was in the playground; that this dog during said period attempted to bite the infant plaintiff five or six times and on divers instances had chased other children, also trying to bite them. There was also proof: that during the luncheon recess period of January 8, 1973 the infant plaintiff went from the school to the playground with his friends Craig Chapman and Peter Martin; that they were playing tag for about 10 minutes when the dog barked and started chasing them; that the dog chased Craig and he jumped over a fence; that the animal then chased Peter and he climbed up the monkey bars; that the dog then went towards Hampton who started to run; and that, when the dog bit Hampton on the pant leg, he tried to break *202 loose but fell at a point about six feet from the bars and could not get up.
It is the general rule that a municipality is under a duty to maintain its park and playground facilities in a reasonably safe condition (Nicholson v Board of Educ., 36 NY2d 798, 799). It has been held that this duty goes beyond the mere maintenance of the physical condition of the park or playground and, although strict or immediate supervision need not be provided, the municipality may be obliged to furnish an adequate degree of general supervision which may require the regulation or prevention of such activities as endanger others utilizing the park (Caldwell v Village of Is. Park, 304 NY 268, 273). When in the discharge of that duty it is or should be apparent, or it otherwise comes to the attention of a municipality, that its park or playground is being used as a site for patently dangerous activities and that such use is likely to be continued, the municipality may not ignore the foreseeable dangers, continue to extend an invitation to the public to use the area and not be held accountable for resultant injuries (p 275). Furthermore and more significantly, when practices or activities pregnant with danger take place with frequency and regularity and over an extended period it cannot be said that the condition of the playground was safe (cf. Caldwell v Village of Is. Park, 304 NY 268, 275, supra; see, also, Nicholson v Board of Educ., 36 NY2d 798, supra). Apart from questions relating to actual notice, when a defective and dangerous condition has existed for such a length of time that knowledge thereof could be acquired by reasonable inspection or supervision, then such party will be held to have known what he should have known as the result of such inspection or supervision (1 Shearman and Redfield, Negligence [Rev ed], § 21, pp 46-47; Magid v City of New York, 234 App Div 38, 42, affd 259 NY 618).
Upon defendant’s motion made at the close of plaintiffs’ case, the test was whether there was any rational basis on which a jury could have found for plaintiffs, the plaintiffs being entitled to every favorable inference which could reasonably be drawn from the evidence submitted by them (4 Weinstein-Korn-Miller, NY Civ Prac, par 4401.05). Despite questions of inconsistency of proof and credibility of witnesses, the motion should not have been granted because plaintiffs had by their proof made out a prima facie case. There was evidence that the black, shaggy dog had been in this public *203 playground during the noon hour, when customarily visited by students, over a four-month period. During this interval, the animal not only chased these children but attempted to bite them. Under plaintiffs’ proof, it could be found by the trier of the facts that defendant had constructive notice of a dangerous condition upon its playground, that defendant ignored this condition and failed in the exercise of the duty cast upon it to remove or prevent this danger, that because of the use of the area by youngsters and considering their propensities, the injury to the infant plaintiff was foreseeable, and that defendant was liable.
The order of the Appellate Division should be reversed and a new trial granted, with costs.