OPINION OF THE COURT

Per Curiam.

During the afternoon of June 17, 1974, plaintiffs and other children were playing softball on a vacant, City-owned lot between two buildings. One of the other boys obtained a can of lacquer from a nearby van, poured the lacquer into a metal pipe, and then started a fire. As plaintiffs gathered to watch, an explosion occurred and plaintiffs were seriously burned. They commenced this action for damages against the City, alleging that it breached its duty to keep the lot reasonably safe by failing to take adequate precautions to minimize the danger to children posed by rubbish fires which, according to some witnesses, occurred from time to time on the property and were on occasion extinguished by City fire fighters. The jury returned a verdict in plaintiffs’ favor but the Appellate Division unanimously reversed, on the law, and dismissed the complaint, holding that the evidence established neither a duty nor proximate cause.
A municipality’s duty to maintain its parks in reasonably safe condition includes not only physical care of the property but also prevention of ultrahazardous and criminal activity of which it has knowledge (Rhabb v New York City Housing Auth., 41 NY2d 200, 202). Accordingly, we have recognized a duty to prevent the foreseeable continuation of activity such as the discharge of fireworks (Caldwell v Village of Is. Park, 304 NY 268, 275; see, also, Nicholson v Board of Educ., 36 NY2d 798). Even if we were to assume that the vacant lot involved here can be likened to a park in view of its use by children for play, the condition complained of cannot be analogized to the ultrahazardous, illegal activity necessary for imposition of a duty on a municipality. Occasional rubbish fires on a vacant lot, the scope of which is readily observable even to school-age children, are not of such a nature as to require the City to provide supervision or construct a locked fence, as suggested by plaintiffs. Finding no duty, we do not reach the issue of causation.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
*47 Chief Judge Cooke (dissenting). Because I cannot agree that, as a matter of law, the City met its duty to keep the lot in a reasonably safe condition, I respectfully dissent.
The pivotal issue before this court is whether the Appellate Division correctly concluded that the verdict in favor of plaintiffs was not supported by sufficient evidence (see Cohen v Hallmark Cards, 45 NY2d 493, 497). On this review, then, the evidence must be viewed in the light most favorable to plaintiffs to determine if there was any rational basis upon which the jury could have found liability (see id., at p 499; Rhabb v New York City Housing Auth., 41 NY2d 200, 202).
There is evidence in the record that would support the following: (1) plaintiff was injured on a vacant lot owned by the City, which was used as a park or playground for neighborhood children; (2) although children may not have been expressly invited to play there, the jury could have found an implied invitation from evidence that defendant was aware that children often played there and failed to take measures to exclude them from the area (see Nicholson v Board of Educ., 36 NY2d 798, 799-800); (3) the lot had been cleared by a neighborhood association with the help of equipment from the City Sanitation Department; (4) defendant permitted a sign on its property describing the lot as “the Future Home of a Park for the Community Children. Keep it Clean — Curb Dogs”; (5) when garbage accumulated on the lot, it was removed by Sanitation Department workers upon the request of neighborhood residents; (6) several witnesses indicated that rubbish fires occurred on the lot as frequently as every two weeks or more and that the City Fire Department had extinguished these fires many times; and (7) in addition, patrolling police officers had been observed warning youths to put such fires out and to clear away from the area.
Defendant does not seriously contest that it knew that children played on the lot. Rather, it stresses that the property was maintained in a reasonably safe condition in view of the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk (see Basso v Miller, 40 NY2d 233; 241). Defendant claims that the probability of serious injury was extremely low, that the financial burden of supervising the lot would have been excessive and that fencing in the area would have been ineffective. Defendant admits its failure to exclude playing children from the lot but, surprisingly, justifies this general practice as a social good providing children with an additional playing area off the streets.
*48 Although defendant’s practice may very well be socially useful, that fact does not, as a matter of law, excuse defendant from any duty of care (cf. Sheehan v North Country Community Hosp., 273 NY 163, 165-166). When the City knows that children are playing on one of its vacant lots, the conduct required to fulfill its duty to maintain its property in reasonably safe condition may rationally be found to require more action than if the lot was vacant and unused by anyone. Similarly, less may be required of the City when it has no notice of the children’s activity.
The question narrows to whether the lot was maintained in a reasonably safe condition (see Kush v City of Buffalo, 59 NY2d 26, 31; Rhabb v New York City Housing Auth., 41 NY2d 200, 202, supra). As the majority states, defendant’s duty would include prevention of known ultrahazardous or criminal activities (see Nicholson v Board of Educ., 36 NY2d 798, 799, supra). Its obligation, however, is not limited to those situations which rise to the level of ultrahazardous or illegal activities (see Basso v Miller, 40 NY2d 233, 240-241, supra). The duty is to exercise that degree of care against all foreseeable dangers which would be reasonable under the circumstances (see id.; Kush v City of Buffalo, 59 NY2d 26, 30, supra; Caldwell v Village of Is. Park, 304 NY 268, 274).
There was sufficient proof for a rational juror to conclude that defendant had actual or constructive notice of the occurrence of rubbish fires (see Rhabb v New York City Housing Auth., 41 NY2d 200, 202, supra). The fact that the scope of a fire is “readily observable even to school-age children” (majority opn, at p 46) is in no way a final determinant of its dangerous nature. The hazardous nature of open, uncontrolled garbage fires in a children’s play area seems obvious, or certainly, it would not be utterly irrational for a juror to consider such a condition dangerous. For example, children could be burned by getting too close to the fire or by throwing additional material on the fire; it could spread unexpectedly beyond its original confines; or there could be certain explosive substances in the garbage, such as aerosol cans, which could shoot out of the general area of the fire.
Whether defendant exercised the degree of care necessary to protect children on the lot from injury due to uncontrolled fires was a question of fact for the jury (see Caldwell v Village of Is. Park, 304 NY 268, 274, supra; Larusso v City of New York, 282 NY 760, 762). It cannot be said that, as a matter of law, the jury erred in finding that the City’s failure to take some protective measure was a breach of that duty (see Kush v City of Buffalo, 59 *49 NY2d 26, 31, supra; Caldwell v Village of Is. Park, 304 NY 268, 274, supra) which proximately caused plaintiffs’ injuries (see Kush v City of Buffalo, supra, at p 33; Meizlik v Benderson Dev. Co., 51 AD2d 676, 677).
Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to that court for a 0 consideration of the facts.
Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in Per Curiam opinion; Chief Judge Cooke dissents and votes to reverse in a separate opinion.
Order affirmed, with costs.