■ CAROLYN SOLOMON, an Infant, by Her Father and Natural Guardian, ARTHUR SOLOMON, et al., Respondents, v CITY OF NEW YORK, Appellant. — In an action to recover damages for personal injuries, etc., defendant the City of New York appeals from a judgment of the Supreme Court, Kings County (Morton, J.), entered November 17, 1983, which, upon a jury verdict, awarded plaintiff Carolyn Solomon the principal sum of $135,000 and plaintiff Arthur Solomon the principal sum of $7,500.

Judgment reversed, on the law, without costs or disbursements, and complaint dismissed.

On June 22, 1980, the infant plaintiff, Carolyn Solomon, was injured when she was struck by a bicyclist on the promenade of Manhattan Beach Park in Brooklyn, New York. Despite (1) the existence of posted signs informing the public of a park regulation prohibiting bicycle riding within the park and (2) the assignment of several policemen and park employees to patrol the promenade and enforce the prohibition, plaintiffs alleged in their complaint, that the defendant City of New York, *inter alia,* had failed to "exercise ordinary reasonable care under the circumstances to prevent bicycle riding on the Manhattan Beach Promenade Recreation Area".

In submitting the issue of defendant's liability to the jury as a question of fact, the court charged the jury as follows:

"The City of New York had the duty to provide general supervision to protect persons such as the plaintiff from foreseeable dangers while using its park facility. Thus, the City of New York was under a duty to exercise reasonable care and reasonable supervision. * * *

"Thus, it is for you, the jury to say whether under all the circumstances disclosed by the evidence that the defendant, City of New York, should have appreciated the danger of the activity in question and whether the City provided enough general supervision to prevent the conducting of bicycle riding".

The jury returned a verdict in favor of plaintiffs, and defendant's motion to set aside the verdict as contrary to the law was denied.

In *Benjamin v City of New York* (64 NY2d 44, 46), the Court of Appeals held that a municipality's duty to maintain its parks in reasonably safe condition "includes not only physical care of the property but also prevention of ultrahazardous and criminal activity of which it has knowledge". However, the condition complained of at bar "cannot be analogized to the ultrahazardous, illegal activity necessary for imposition of a duty on a

municipality" (*Benjamin v City of New York, supra,* p 46). Nor have plaintiffs established the existence of any special relationship between the infant plaintiff and the defendant which would impose a duty upon the latter (*Vitale v City of New York,* 60 NY2d 861, 863; *O'Connor v City of New York,* 58 NY2d 184, 189).

Accordingly, the judgment appealed from must be reversed and the complaint dismissed. Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.