OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
To establish a prima facie case of negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom (Akins v Glens Falls City School Dist., 53 NY2d 325, 333, citing Prosser, Torts § 30, at 143 [4th ed]). In its proprietary capacity, "a municipality is under a duty to maintain its park and playground facilities in a reasonably safe condition” (Nicholson v Board of Educ., 36 NY2d 798, 799). This duty "includes not only physical care of the property but also prevention of ultrahazardous and criminal activity of which it has knowledge” (Benjamin v City of New York, 64 NY2d 44, 46). Bicycle riding on a busy promenade does not rise to the level of "ultrahazardous and criminal” (see, Zarillo v State of New York, 8 AD2d 651, affd 7 NY2d 943; cf. Benjamin v City of New York, 64 NY2d 44, supra; Caldwell v Village of Is. Park, 304 NY 268; Nicholson v Board of Educ., *1028 36 NY2d 798, supra). Thus, as a matter of law, the city did not breach its duty to plaintiffs.
Nor has plaintiff stated a cause of action based on the city’s alleged failure to enforce the regulations prohibiting bicycle riding in the area where the infant plaintiff was injured. By promulgating and enforcing these regulations, intended for the protection of the general public, defendant did not assume a special relationship toward the infant plaintiff carrying with it a special duty to protect the latter from the prohibited activity (Sorichetti v City of New York, 65 NY2d 461, 468; De Long v County of Erie, 60 NY2d 296, 304; Florence v Goldberg, 44 NY2d 189, 195-196).
Because plaintiffs failed to demonstrate a duty of care owed by defendant, the complaint was properly dismissed.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.