■ DAWN MUZICH, Appellant, v RICHARD J. BONOMOLO, an Infant, by His Father and Natural Guardian, JOHN BONO-

MOLO, et al., Defendants, and COUNTY OF WESTCHESTER, Respondent. [618 NYS2d 437] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Guharian, J.), entered April 23, 1993, which, *inter alia,* granted the motion of the defendant County of Westchester for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages sustained when she was struck while jogging by a motorized dirtbike being operated on the North County Trailway, a bicycle path in Mount Pleasant, Westchester County. Posted signs indicated that motor vehicles were prohibited on the bicycle path, and the three major access points were blocked with brush to prevent motor vehicles from gaining entry. The operator of the dirtbike had gained access to the bicycle path from the adjacent Consolidated Edison property, which was not fenced off, because there was an agreement between the County and the utility company which required that the entrance remain open for vehicles. The plaintiff alleged, *inter alia,* that the defendant County of Westchester had failed to exercise reasonable care under the circumstances to prevent such accidents from occurring.

The defendant County moved for summary judgment, on the ground that the plaintiff's cause of action was without merit because the County owed no duty to provide police protection, and had not breached its duty to maintain the bicycle path in a reasonably safe condition. The Supreme Court agreed, granting the motion.

To establish a prima facie case of negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom *(see, Solomon v City of New York,* 66 NY2d 1026; *Akins v Glens Falls City School Dist.,* 53 NY2d 325, 333). In its proprietary capacity, "a municipality is under a duty to maintain its park and playground facilities in a reasonably safe condition" *(Nicholson v Board of Educ.,* 36 NY2d 798, 799). This duty "includes not only physical care of the property but also prevention of ultrahazardous and criminal activity of which it has knowledge" *(Benjamin v City of New York,* 64 NY2d 44, 46). The riding of dirtbikes does not rise to the level of "ultrahazardous and criminal" activity *(cf.,*

*Nicholson v Board of Educ.,* 36 NY2d 798, *supra; Benjamin v City of New York,* 64 NY2d 44, *supra; Caldwell v Village of Is. Park,* 304 NY 268). Thus, as a matter of law, the County did not breach its duty to the plaintiff.

Nor did the County owe a duty to provide police protection. As a general rule, a municipality may not be held liable for injuries resulting from a simple failure to provide police protection absent a " 'special relationship' " between the municipality and the injured party *(Cuffy v City of New York,* 69 NY2d 255, 260). The four elements of this "special relationship" are (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured, (2) knowledge on the part of the municipality's agents that inaction could lead to harm, (3) some form of direct contact between the municipality's agents and the injured party, and (4) that party's justifiable reliance on the municipality's affirmative undertaking *(Cuffy v City of New York, supra,* at 260). In the instant case, the plaintiff cannot legally establish a "special relationship" with the defendant County.

We have examined the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Santucci, Krausman and Goldstein, JJ., concur.