■ Mohani Tewari, Appellant, v City of New York, Respondent, et al., Defendants. [671 NYS2d 256] —Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered on or about September 10, 1997, which, upon said court's grant of defendant City of New York's trial motion, dismissed the complaint as against said defendant, unanimously affirmed, without costs.

The trial court properly granted defendant City's motion, made at the conclusion of plaintiff's opening statement, to

dismiss the complaint as against it, since, even as amplified by plaintiff's submissions, the opening statement failed to establish a prima facie case of negligence. While the City owes a duty to maintain its parks in reasonably safe condition, which duty encompasses not only physical care of the property, but also "prevention of ultrahazardous and criminal activity of which [the City] has knowledge" (*Benjamin v City of New York*, 64 NY2d 44, 46), the activity alleged by plaintiff to have caused her harm, the driving of a car at a speed of five miles per hour on a park roadway, was not ultrahazardous (*see, Solomon v City of New York*, 66 NY2d 1026; *also see, Muzich v Bonomolo*, 209 AD2d 387, *lv denied* 85 NY2d 812). Nor, given the absence of any special relationship between plaintiff and the City, could plaintiff have recovered based upon her allegation that the City failed to enforce regulations prohibiting vehicles on park grounds (*see, Solomon v City of New York, supra*).

In view of the foregoing, it is not necessary to address plaintiff's claim respecting the court's *in limine* ruling. We merely note that none of the fatal weaknesses in plaintiff's case would have been remedied by admission of the proffered videotape. Concur—Sullivan, J. P., Rosenberger, Rubin, Tom and Andrias, JJ.