■ TIMOTHY A. PLANTE, Individually and as Parent and Guardian of TAJ SAGE PLANTE, an Infant, Appellant-Respondent, v ROBERT J. HINTON et al., Defendants, DARRAN B. SULLIVAN, Appellant, and CHANDLER YOUNG POST No. 8162 VETERANS OF FOREIGN WARS OF THE UNITED STATES, INC., et al., Respondents. [706 NYS2d 215] —Cardona, P. J. Appeal from an order of the Supreme Court (Canfield, J.), entered July 22, 1999 in Rensselaer County, which, *inter alia,* granted motions by defendants Chandler Young Post No. 8162 Veterans of Foreign Wars of the United States, Inc., the Village of Nassau and the Village of Nassau Police Department for summary judgment dismissing the complaint against them.

On May 26, 1997 Taj Sage Plante (hereinafter the infant), then four years old, was a passenger in a mule-driven wagon owned and operated by Mary Allsop and Noel Allsop during the Memorial Day parade in the Village of Nassau, Rensselaer County. The Allsops' wagon was second in a line of three being drawn by mule teams. Defendants Robert J. Hinton and Darran B. Sullivan were skateboarding single file on the shoulder of the road toward the oncoming parade. As they passed the first wagon on their skateboards they proceeded onto an adjacent sidewalk where they encountered a spectator sitting on a lawn chair. Hinton unsuccessfully attempted to jump his skateboard across a narrow patch of grass between the sidewalk and the road. He fell and the skateboard landed upside down near the Allsops' mules making an audible "smack". The mules jumped to the side resulting in the wagon tipping over upon the infant and dragging him along the road.

Plaintiffs thereafter commenced this personal injury action on behalf of the infant against the skateboarders, the Chandler Young Post No. 8162 Veterans of Foreign Wars of the United States, Inc. (hereinafter the VFW), the American Legion Post No. 1268,* the Village of Nassau and the Village of Nassau Police Department. Following joinder of issue and discovery, Sullivan, the VFW, the Village and its Police Department moved

---

* The American Legion Post No. 1268 is not a party to this appeal.

for summary judgment dismissing the complaint. Supreme Court granted the motions made by the VFW, the Village and its Police Department but denied Sullivan's motion. Plaintiff and Sullivan appeal.

Initially, we find that Supreme Court improperly denied Sullivan's motion. The evidence shows that at the time of the accident, Sullivan was riding on the sidewalk behind Hinton in single file. He stopped, picked up his skateboard and remained on the sidewalk. Sullivan did not attempt to jump from the sidewalk into the road to maneuver around the seated spectator. He remained in control of his skateboard at the time of the occurrence. Under the circumstances presented, even assuming that Sullivan breached a duty of care owed to the infant not to ride his skateboard in proximity to the mule-drawn wagon so as to avoid startling the animals, in the absence of any competent direct or circumstantial evidence establishing that Sullivan's negligence "was a substantial cause of the events which produced the [infant's] injur[ies]" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315; *see, Silva v Village Sq. of Penna*, 251 AD2d 944), plaintiff failed to make a prima facie showing of proximate cause (*see, Derdiarian v Felix Contr. Corp., supra*, at 315). Mere speculation as to its existence will not suffice (*see, Silva v Village Sq. of Penna, supra*). Accordingly, Sullivan's motion should have been granted.

Next, we address the question of whether Supreme Court properly granted the VFW's motion for summary judgment. The evidence shows that the parade was informally organized. Beyond obtaining the parade permit from the Village and knowing which organizations would be participating, the VFW performed only one organizational activity on the day of the parade, that being the presence of one of its members at the point of assembly to assign the marching order. As in past years, each organization was responsible for maintaining order among its marchers. The VFW performed no security functions and simply marched in its own segment of the parade. Clearly, under such circumstances, the VFW did not have the ability to control the conduct of participants or spectators during the parade (*see, Estes v New York State Saddle Horse Assn.*, 188 AD2d 857) and, therefore, it was not reasonable for a participant to expect the VFW to protect him or her from the acts of third parties (*see, Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 585). In our view, plaintiff failed to demonstrate that the VFW breached any duty owed to him.

Finally, we turn to the issue of whether summary judgment should have been granted in favor of the Village and its Police

Department. We note that plaintiff concedes the inapplicability of the argument that a "special relationship" existed between the infant and the Village which gave rise to a "special duty" to protect him from the dangers posed by the skateboarders (*see, Cuffy v City of New York*, 69 NY2d 255, 260-261). Instead, plaintiff argues that the Village may be held liable for a breach of its duty of ordinary care as a landowner to safeguard bystanders and participants at the parade from foreseeable hazards because it invited them into a "park-like" setting by stopping traffic and permitting the parade on its streets. We note that plaintiff did not raise this argument before Supreme Court so it is not properly before us (*see, David Sanders, P. C. v Sanders, Architects*, 140 AD2d 787). Although, as the dissent notes, plaintiffs alleged negligence against the Village as a landowner in their bill of particulars, that paper is not a pleading and, therefore, may not be used to add a new cause of action or an essential allegation which is missing from the complaint (*see, Sebring v Wheatfield Props. Co.*, 255 AD2d 927, 928; *B & F Leasing Co. v Ashton Cos.*, 42 AD2d 652, 653; *Lewis v Village of Deposit*, 40 AD2d 730, *affd* 33 NY2d 532; *Melino v Tougher Heating & Plumbing Co.*, 23 AD2d 616, 617; 84 NY Jur 2d, Pleading, § 332, at 560).

In any event, even if we were to consider that argument and assume that the temporary stoppage of traffic on municipal streets during a parade creates a park-like setting, we would find, as a matter of law, that skateboarding does not rise to the level of an ultrahazardous, illegal activity resulting in the imposition of a duty upon the municipal defendants (*see, Solomon v City of New York*, 66 NY2d 1026 [bicycle riding on the busy promenade of a beach park]; *Benjamin v City of New York*, 64 NY2d 44, 46 [occasional rubbish fires on a city-owned vacant lot]; *Tewari v City of New York*, 249 AD2d 175 [driving a car at a speed of five miles per hour on a park roadway]; *Muzich v Bonomolo*, 209 AD2d 387, *lv denied* 85 NY2d 812 [riding a motorized dirtbike on a county-owned bicycle path used by joggers]; *compare, Nicholson v Board of Educ.*, 36 NY2d 798 [discharge of fireworks in a public schoolyard]; *Caldwell v Village of Is. Park*, 304 NY 268, 275 [discharge of fireworks on a municipal beach park]). Accordingly, we affirm that part of Supreme Court's order granting summary judgment dismissing the complaint against the Village and its Police Department. We have considered plaintiffs' remaining contentions and find them to be lacking in merit.

Spain, Carpinello and Graffeo, JJ., concur.

Crew III, J. (concurring in part and dissenting in part). I

concur with the majority's conclusion that Supreme Court improperly denied defendant Darran B. Sullivan's motion for summary judgment. As to the determination that the motions of defendants Chandler Young Post No. 8162 Veterans of Foreign Wars of the United States, Inc. (hereinafter VFW), the Village of Nassau and the Village of Nassau Police Department were properly granted, I respectfully dissent.

As a starting point, I am of the view that the VFW failed to present sufficient facts entitling it to judgment as a matter of law, thus obviating the necessity of plaintiff to present evidence that raised material issues of fact. The affidavit in support of the VFW's motion asserts entitlement to judgment based upon the fact that the VFW owed no duty to plaintiff's infant and, further, that the accident was not foreseeable. In this regard, whether the VFW owed a duty of care to protect parade participants from the conduct of third parties is dependent upon whether the VFW had "sufficient control over the event to be in a position to prevent the negligence" complained of (*Vogel v West Mtn. Corp.*, 97 AD2d 46, 49; *see, e.g., Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 585-586). The record makes plain that the VFW not only sponsored the parade, but planned, organized and supervised it. Specifically, it arranged for use of the site by applying for a permit, designed and furnished promotional material, invited speakers and luminaries to attend, sold tickets in order to pay for the participation of a marching band, and determined and organized the order of the participants. In my view, the VFW possessed a sufficient degree of control over the parade and its participants such that Supreme Court properly found that it had a duty to take reasonable precautions for the safety of the participants, including plaintiff's infant (*see, Hores v Sargent*, 230 AD2d 712).

Once a duty is found to exist, as I believe to be the case here, "[i]ssues of negligence, foreseeability and proximate cause involve the kinds of judgmental variables which have traditionally, and soundly, been left to the finders of fact to resolve even where [as here] the facts are essentially undisputed" (*Rotz v City of New York*, 143 AD2d 301, 304). Thus, whether the VFW reasonably relied upon the fact that the Village was providing crowd control by way of its police force and whether such reliance was sufficient to discharge its duty remains a question of fact for a jury.

Assuming, arguendo, that proof that the VFW requested police crowd control in its permit application and reasonably relied upon the Village in that regard provided sufficient prima

facia evidence for entitlement to judgment, I believe that plaintiff's submissions in opposition raised a triable issue of fact. Plaintiff presented evidence that following the previous year's parade, the VFW received a complaint regarding the adequacy of crowd control in relation to the animals involved in the parade—specifically that the animals could become frightened or alarmed due to the close proximity of spectators. In spite of such complaint, the parade organizer testified that he took no steps to supervise the animals involved in the parade. This, to my way of thinking, raises a legitimate issue of fact as to whether the VFW provided adequate supervision and control under the circumstances sufficient to satisfy its duty to plaintiff's infant (*see*, *Morbillo v Board of Educ.*, 269 AD2d 506).

Turning to the Village and its Police Department, I likewise believe that summary judgment was inappropriate. Contrary to the Village's assertion, this case does not involve the allocation of resources implicating the "special duty" doctrine. Here, the Village issued a permit allowing the VFW to stage an event on its property, thereby triggering a duty to those in attendance (both spectators and participants) of reasonable and ordinary care against the foreseeable risks attendant to such event (*see*, *Yule v Town of Huntington*, 204 AD2d 439; *Rosa v County of Nassau*, 153 AD2d 618). As such, the burden was on the Village to establish, prima facie, that it did not breach that duty. This it did by demonstrating that on the day of the parade, it dispatched its entire police force to assist with traffic control and security. As such, the burden shifted to plaintiff to demonstrate a material issue of fact regarding the breach of the Village's duty. In opposition to the summary judgment motion, plaintiff submitted evidence that Village Police Officer Terri Hansen had seen the skateboarders on the parade route approaching the marchers and ordered them out of the road. Hansen's testimony further indicates that despite the fact that the boys ignored her directive, she did not pursue them inasmuch as she had turned her attention to other activities. Thus, in my view, plaintiff has demonstrated an issue of fact regarding the reasonableness of Hansen's conduct sufficient to defeat the Village's motion for summary judgment (*see*, *Morbillo v Board of Educ.*, *supra*; *cf.*, *Yule v Town of Huntington*, *supra*).

As a final matter, to the extent that the majority asserts that plaintiff failed to raise the issue of the Village's duty of care as a landowner before Supreme Court and, as such, such issue is unpreserved, I note only that plaintiff alleged in his

bill of particulars negligence on the part of the Village in its capacity as owner of the land on which the parade took place. Accordingly, I am of the view that this issue is preserved and is properly before us.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion for summary judgment by defendant Darran B. Sullivan; said motion granted, summary judgment awarded to Sullivan and complaint dismissed against him; and, as so modified, affirmed.