█ CAROLINE L. NALLY, Appellant, v COUNTY OF MONROE, Respondent, et al., Defendants. [758 NYS2d 581] —Appeal from an order of Supreme Court, Monroe County (Frazee, J.), entered April 8, 2002, which granted the motion of defendant County of Monroe for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries that she sustained when she fell on an asphalt path in Highland Park after two boys, defendants John Doe 1 and John Doe 2, approached her on rollerblades. The park is owned by defendant County of Monroe (County), and the accident occurred during the Lilac Festival, a popular annual event at the park. Plaintiff alleges that the County was negligent in failing to establish rules limiting or prohibiting the use of rollerblades during the festival and in failing otherwise to protect festival patrons from the hazards resulting from the presence of rollerbladers. Supreme Court properly granted the motion of the County seeking summary judgment dismissing the complaint against it. The duty of the County to maintain the park in a reasonably safe condition "includes not only physical care of the property but also prevention of ultrahazardous and criminal activity of which it has knowledge" (*Benjamin v City of New York*, 64 NY2d 44, 46 [1984]). Rollerblading, however, does not rise to the level of ultrahazardous or criminal activity, and thus as a matter of law the County did not breach its duty to plaintiff (*see Solomon v City of New York*, 66 NY2d 1026, 1027-1028 [1985]; *Plante v Hinton*, 271 AD2d 781, 783 [2000]; *Muzich v Bonomolo*, 209 AD2d 387, 388-389 [1994], *lv denied* 85 NY2d 812 [1995]; *Adams v New York City Hous. Auth.*, 165 AD2d 849 [1990], *lv denied* 77 NY2d 803 [1991]). Present—Pigott, Jr., P.J., Green, Pine, Burns and Gorski, JJ.