■ LUCY MARINO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 99711.) [790 NYS2d 553]—

In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Nadel, J.), dated July 8, 2003, which, after a nonjury trial, is in favor of the defendant and against her, dismissing the claim.

Ordered that the judgment is affirmed, with costs.

A municipality is under a duty to maintain its park and playground facilities in a reasonably safe condition (*see Nally v County of Monroe,* 305 AD2d 1014 [2003]; *Muzich v Bonomolo,* 209 AD2d 387, 388 [1994]; *cf. Nicholson v Board of Educ. of City of N.Y.,* 36 NY2d 798, 799 [1975]). This duty "includes not only physical care of the property but also prevention of ultrahazardous and criminal activity of which it has knowledge" (*Benjamin v City of New York,* 64 NY2d 44, 46 [1984]). The throwing of a frisbee on a crowded beach does not rise to the level of "ultrahazardous and criminal activity" (*compare Solomon v City of New York,* 66 NY2d 1026, 1027 [1985], *with Nicholson v Board of Educ., supra; see Benjamin v City of New York, supra*). Thus, as a matter of law, the defendant did not breach any duty to the claimant.

The claimant was not entitled to recover damages based on the defendant's alleged failure to enforce regulations prohibiting frisbee playing in the area where the claimant was injured. By promulgating and enforcing these regulations, intended for the protection of the general public, the defendant did not assume a special relationship toward the claimant carrying with it a special duty to protect the claimant from the prohibited activity (*see Solomon v City of New York, supra* at 1028; *Muzich v Bonomolo, supra* at 389).

Accordingly, the Court of Claims correctly dismissed the claims. S. Miller, J.P., Ritter, Crane and Fisher, JJ., concur.