KEITH MCCABE et al., Respondents, v CITY OF NEW YORK et al., Respondents-Appellants, and RIDGEWOOD GLENDALE MIDDLE VILLAGE MASPETH LITTLE LEAGUE, Appellant-Respondent. [847 NYS2d 92]—

In an action to recover damages for personal injuries, etc., the defendant Ridgewood Glendale Middle Village Maspeth Little League appeals from so much of an order of the Supreme Court, Queens County (Flug, J.), dated February 28, 2006, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendants City of New York and City of New York Parks and Recreation cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and

the motion of the defendant Ridgewood Glendale Middle Village Maspeth Little League for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and that branch of the cross motion of the defendants City of New York and City of New York Parks and Recreation which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them are granted.

The infant plaintiff was practicing with his organized little league baseball team after a game at a municipal park when he slid into second base and sustained injuries to his ankle. He alleged that the base was "not movable" when he slid into it, thereby causing his injuries. The infant plaintiff also alleged that he was not advised by anyone that the base was not movable and his observation of the base before the accident did not reveal that it was not movable. The infant plaintiff had not previously played on a field where the bases were not movable and the defendant Ridgewood Glendale Middle Village Maspeth Little League (hereinafter the little league) did not train him regarding how to slide into such bases.

According to the defendants City of New York and City of New York Parks and Recreation (hereinafter the municipal defendants), they did not provide any equipment, such as bases, to the teams who came to play at their fields and such teams supplied their own bases.

In response to the municipal defendants' prima facie showing of entitlement to judgment as a matter of law that they did not breach their duty of maintaining the park in a reasonably safe condition by failing to prevent an ultrahazardous or dangerous activity or condition, the plaintiffs failed to raise a triable issue of fact (see *Solomon v City of New York*, 66 NY2d 1026, 1027 [1985]; *Marino v State of New York*, 16 AD3d 386, 387 [2005]; *Muzich v Bonomolo*, 209 AD2d 387, 388 [1994]; *Adams v New York City Hous. Auth.*, 165 AD2d 849 [1990]; *Zarillo v State of New York*, 8 AD2d 651, 652 [1959], *affd* 7 NY2d 943 [1960]).

The little league also established its prima facie entitlement to judgment as a matter of law (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The president of the little league testified at his deposition that the little league only owned movable bases and only played with movable bases because bases that are not movable are hazardous to players sliding into them. This testimony was sufficient to make a prima facie showing that the subject base, used during the team's practice, was movable.

In opposition, the infant plaintiff's conclusion that the base

was not movable because he broke his ankle was insufficient to raise a triable issue of fact as to whether the base was movable. Moreover, the plaintiffs' investigator and expert witness did not examine the baseball field and the bases located on the field until after the little league's permit had expired and it was no longer using the field. Therefore, there was no foundation for the expert's opinion (*see Ciccone v Bedford Cent. School Dist.*, 21 AD3d 437 [2005]; *Barbato v Hollow Hills Country Club*, 14 AD3d 522 [2005]; *Honohan v Turrone*, 297 AD2d 705 [2002]). Accordingly, the court should have granted the little league's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and that branch of the municipal defendants' cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Miller, J.P., Goldstein, Skelos and Balkin, JJ., concur.