10-3627-pr
Shields v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand eleven.

PRESENT:
> GERARD E. LYNCH,
> DENNY CHIN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

———————————————————————

Thomas Shields,

> *Plaintiff-Appellant*,

v.                                                                                    10-3627-pr

United States of America, Federal Bureau of Prisons,

> *Defendant-Appellee*.

———————————————————————

FOR APPELLANT:          Thomas Shields, pro se, Butner, North Carolina.

FOR APPELLEES:          Paula Ryan Conan, Charles E. Roberts, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *C.J.*; Peebles, *M.J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Thomas Shields, proceeding pro se, filed this action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., alleging medical malpractice and ordinary negligence in connection with his fall from a set of bleachers at the Federal Corrections Institution in Ray Brook, New York. During pre-trial proceedings, the magistrate judge overseeing the case denied Shields's motion to have an expert medical witness appointed at the court's expense. After discovery was complete, the district court granted summary judgment for the government on both the medical malpractice and ordinary negligence claims. On appeal, Shields challenges both the ruling of the magistrate judge and the grant of summary judgment. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Citing New York state law and Federal Rule of Evidence 706, Shields argues that the magistrate judge erred in denying his motion to appoint a medical expert to "assist and support" him in the pursuit of his claims. However, Shields failed to object to this ruling before the district court or to renew his motion at a later date, which he might have done given that the magistrate judge denied it without prejudice. It is well established that "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." Cephas v. Nash, 328 F.3d 98,

2

107 (2d Cir. 2003). This rule applies equally to pro se and counseled litigants and operates "even absent express notice from the magistrate judge that failure to object within ten days will preclude appellate review." Caidor v. Onondaga Cnty., 517 F.3d 601, 605 (2d Cir. 2008).

Shields also argues that the district court erred in awarding summary judgment for the defendants. We review summary judgment rulings de novo, focusing on whether, "construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Doninger v. Niehoff, 642 F.3d 334, 344 (2d Cir. 2011), quoting Fed. R. Civ. P. 56(a). Here, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment to the government.

Shields concedes that under New York law, which governs this case, "it is incumbent upon the plaintiff to present expert testimony in support of the allegations to establish a prima facie case of [medical] malpractice." Sitts v. United States, 811 F.2d 736, 739 (2d Cir. 1987), citing Alvarez v. Prospect Hosp., 501 N.E.2d 572, 576 (N.Y. 1986). As Shields failed to adduce any such evidence, the district court properly concluded that the government was entitled to summary judgment on his malpractice claim.

For similar reasons, the district court did not err in awarding summary judgment to the government on Shields's claim that prison officials were negligent in failing to properly secure the bleachers. Causation is an essential element of any ordinary

3

negligence claim under New York law.  See Stagl v. Delta Airlines, Inc., 52 F.3d 463, 467 (2d Cir. 1995), citing Solomon v. City of New York, 489 N.E.2d 1294, 1294 (N.Y. 1985).  Absent evidence to support his contention that the injuries of which he complained were proximately caused by his fall from the bleachers, Shields could not carry his burden of establishing a prima facie case of ordinary negligence.

We have considered all of Shields's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk