■ EILEEN FOREMAN, Respondent, v TOWN OF OYSTER BAY, Appellant. [30 NYS3d 895]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered October 8, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly sustained personal injuries when she was struck in the chest by a baseball while sunbathing on Tobay Beach in the defendant Town of Oyster Bay.

To prove a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and that the breach of such duty was a proximate cause of his or her injuries (*see Pulka v Edelman*, 40 NY2d 781, 782 [1976]). Absent a duty of care, there is no breach and no liability (*id.*).

"A municipality is under a duty to maintain its park and playground facilities in a reasonably safe condition" (*Marino v State of New York*, 16 AD3d 386, 387 [2005]; *see Nicholson v Board of Educ. of City of N.Y.*, 36 NY2d 798, 799 [1975]; *Caldwell v Village of Is. Park*, 304 NY 268, 273 [1952]; *Engelhart v County of Orange*, 16 AD3d 369, 372 [2005]). This duty "includes not only physical care of the property but also prevention of ultrahazardous and criminal activity of which it has knowledge" (*Benjamin v City of New York*, 64 NY2d 44, 46 [1984]; *Engelhart v County of Orange*, 16 AD3d at 372; *Muzich v Bonomolo*, 209 AD2d 387, 388-389 [1994]).

Here, the Town established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the activity alleged by the plaintiff to have caused her harm, i.e., playing baseball, does not rise to the level of

"ultrahazardous and criminal" (*Benjamin v City of New York*, 64 NY2d at 46; *see Solomon v City of New York*, 66 NY2d 1026, 1027 [1985]; *Marino v State of New York*, 16 AD3d at 387; *Muzich v Bonomolo*, 209 AD2d 387 [1994]; *see also Nally v County of Monroe*, 305 AD2d 1014 [2003]; *Tewari v City of New York*, 249 AD2d 175 [1998]; *cf. Nicholson v Board of Educ. of City of N.Y.*, 36 NY2d 798, 799 [1975]; *Caldwell v Village of Is. Park*, 304 NY 268 [1952]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court should have granted the Town's motion for summary judgment dismissing the complaint. Mastro, J.P., Maltese, Duffy and Brathwaite Nelson, JJ., concur.