Celestin v 40 Empire Blvd., Inc. (2019 NY Slip Op 00256)





Celestin v 40 Empire Blvd., Inc.


2019 NY Slip Op 00256


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2015-09412
 (Index No. 500192/10)

[*1]Rosaline Celestin, etc., appellant, 
v
40 Empire Boulevard, Inc., et al., defendants, 40 Empire Donut Corp., respondent.


William Pager, Brooklyn, NY, for appellant.
Gannon, Rosenfarb & Drossman (Mauro Lilling Naparty LLP, Woodbury, NY [Jennifer B. Ettenger], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated August 13, 2015. The order granted the motion of the defendant 40 Empire Donut Corp. for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff's decedent allegedly was injured when he slipped and fell on black ice on a sidewalk adjacent to premises located at 40 Empire Boulevard in Brooklyn. This personal injury action was commenced against, among others, the defendant 40 Empire Donut Corp. (hereinafter Donut Corp.). The complaint generally alleged that all of the defendants owned the premises adjacent to the sidewalk, were responsible for the maintenance of the subject sidewalk, had constructive notice of the icy condition, and caused or created the condition.
Donut Corp. moved for summary judgment dismissing the complaint insofar as asserted against it. In support of the motion, Donut Corp. submitted evidence that the subject premises were owned by the defendant 40 Empire Boulevard, Inc., which leased the premises to nonparty 40 Empire Chicken Corp. to operate a Popeyes franchise restaurant. 40 Empire Chicken Corp., in turn, subleased a portion of the premises to Donut Corp. to operate a Dunkin' Donuts franchise restaurant next to the Popeyes restaurant. Pursuant to the terms of the sublease agreement, Donut Corp. was obligated to keep the sidewalk and curb immediately in front of the subleased premises free from ice and snow. In support of its motion, Donut Corp. also submitted the examination before trial (hereinafter EBT) of the decedent, in which he testified that on the morning of the accident, he was walking on the sidewalk on Empire Boulevard when he slipped and fell on black ice. The decedent stated that he fell on a portion of the sidewalk adjacent to the Popeyes restaurant, in front of the door to that restaurant. He testified that the Dunkin' Donuts restaurant, which had a separate entrance, was located further down the sidewalk from the Popeyes restaurant. Donut Corp. argued that it was entitled to summary judgment dismissing the complaint insofar as asserted against it, inter alia, because it was not responsible for the maintenance of the portion of the sidewalk where the decedent fell.
In opposition to the motion, the plaintiff argued, among other things, that certain EBT testimony, establishing that the employees of Popeyes and Donut Corp. would occasionally help each other while removing snow on their respective portions of the sidewalk, raised triable issues of fact as to whether Donut Corp. assumed responsibility for snow removal on the subject portion of the sidewalk. In the order appealed from, the Supreme Court granted Donut Corp.'s motion for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals.
To establish a prima facie case of negligence, the plaintiff must establish the existence of a duty on the defendant's part to the plaintiff, the breach of the duty, and that the breach was a proximate cause of the injury to the plaintiff (see Soloman v City of New York, 66 NY2d 1026, 1027; Akins v Glens Falls City School Dist., 53 NY2d 325, 333). "In the absence of duty, there is no breach and without a breach there is no liability" (Pulka v Edelman, 40 NY2d 781, 782; see Espinal v Melville Snow Contrs., 98 NY2d 136, 138; Foreman v Town of Oyster Bay, 140 AD3d 694). Here, Donut Corp. established, prima facie, that it owed no duty of care to the plaintiff with respect to the subject portion of the sidewalk, inasmuch as it neither owned nor leased the property adjacent to where the decedent allegedly fell (cf. Administrative Code of City of NY § 7-210[a], [b]; Smalley v Bemben, 12 NY3d 751, 752).
Contrary to the plaintiff's contention, Donut Corp. was not obligated to affirmatively establish that none of its employees assisted in snow removal efforts in the days prior to the decedent's accident. "[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214; see Alvarez v Prospect Hosp., 68 NY2d 320, 325; Wise v Filincieri, 163 AD3d 609; DeSilvio v Lin Zheng, 150 AD3d 679, 680). Neither the complaint nor the bill of particulars in this case alleged any facts which, if proven, would establish that Donut Corp., or any defendant, engaged in snow removal efforts that created or exacerbated an existing hazard (see DeSilvio v Lin Zheng, 150 AD3d at 680; Foster v Herbert Slepoy Corp., 76 AD3d at 214). Accordingly, once Donut Corp. established the absence of a duty, the burden shifted to the plaintiff to come forward with evidence sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to submit evidence that employees from Donut Corp. engaged in snow removal efforts on the subject portion of the sidewalk prior to the decedent's accident, and that any such efforts created or exacerbated an existing hazard (see Wise v Filincieri, 163 AD3d at 609). Further, contrary to the plaintiff's contention, evidence that Donut Corp.'s employees would sometimes assist Popeyes's employees in their snow removal efforts did not raise a triable issue of fact as to whether Donut Corp. assumed responsibility to maintain the portion of the sidewalk in front of the Popeyes restaurant (cf. Espinal v Melville Snow Contrs., 98 NY2d at 140; Ever Win, Inc. v 1-10 Indus. Assoc., LLC, 33 AD3d 845, 846).
We agree with the Supreme Court's consideration of the various EBT transcripts submitted in support of Donut Corp.'s motion because the transcripts were certified by the reporter and their accuracy was not challenged (see Thomas v City of New York, 124 AD3d 872, 873; Femia v Graphic Arts Mut. Ins. Co., 100 AD3d 954, 955; Boadu v City of New York, 95 AD3d 918, 919; Rodriguez v Ryder Truck, Inc., 91 AD3d 935, 936; Zalot v Zieba, 81 AD3d 935, 936).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant Donut Corp.'s motion for summary judgment dismissing the complaint insofar as asserted against it.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court