Equitable Fin. Life Ins. Co. v Chanti (2023 NY Slip Op 05659)

Equitable Fin. Life Ins. Co. v Chanti

2023 NY Slip Op 05659

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Webber, J.P., Friedman, González, Kennedy, O'Neill Levy, JJ. 

Index No. 655229/21, 595947/21 Appeal No. 980 Case No. 2022-04634 

[*1]Equitable Financial Life Insurance Company, Plaintiff,
v
Karen Chanti, Alfina Chanti et al., Defendants.
Karen Chanti, Third-Party Plaintiff-Appellant,
v
Mark Goldstein et al., Third-Party Defendants-Respondents.

Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Wood Smith Henning & Berman LLP, White Plains (John A. Darminio of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered June 2, 2022, which granted third-party defendants Mark Goldstein and Mark Goldstein Associates, LLC's (defendants) motion to dismiss the third-party complaint, unanimously modified, on the law, to deny the motion with respect to the first cause of action for negligence and the third cause of action for negligent misrepresentation, and otherwise affirmed, without costs.
The court correctly determined that defendants — insofar as they were acting as an insurance agent on behalf of the insured in notifying third-party plaintiff (plaintiff), pursuant to the documentation provided by the insurer, that she was a direct beneficiary of the insurance policy, and in assisting in the preparation of the claim form — did not, as a matter of law, owe plaintiff any relevant duties concerning the validity of her status as a beneficiary.
However, plaintiff adequately alleges that defendants owed her a direct and/or special duty of care when, after she received the insurance proceeds, Goldstein, while acting in his capacity as her principal financial advisor, informed her of unspecified complaints concerning the insurance policy and assured her, based on his superior and specialized knowledge, that she need not be concerned because there was no merit to those complaints. These allegations sufficiently state the elements of a negligence claim and of a negligent misrepresentation claim (see Solomon v City of New York, 66 NY2d 1026, 1027 [1985]; see also generally Kimmell v Schaefer, 89 NY2d 257, 264 [1996]; Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 424-426 [1989]).
Plaintiff does not adequately allege a cause of action for negligent infliction of emotional distress. Even if such a claim can be premised on the breach of the type of duties that might arise between a financial advisor and client, plaintiff's complaint otherwise fails to state a cause of action because "[e]motional injury is generally compensable only when
it is the direct, rather than consequential, result of the breach of a duty owed" (Brown v New York Design Ctr., Inc., 215 AD3d 1, 5 [1st Dept 2023]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023