■ VIRGINIA WILLIAMS, Respondent, v. CHARLES KING, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted on the question of liability only, with costs to abide the event. Same Memorandum as in *Hatch* v. *King* (33 A D 2d 879), decided herewith. (Appeal from judgment of Erie Trial Term in automobile negligence action.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.

■ HERBERT B. F. ROBERSON, Respondent, v. CHARLES KING, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted on the question of liability only, with costs to abide the event. Same Memorandum as in *Hatch* v. *King* (33 A D 2d 879) decided herewith. (Appeal from judgment of Erie Trial Term in automobile negligence action.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.

■ VICTOR TORRES, Appellant, v. CITY OF GENEVA et al., Respondents.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to appellant to abide the event. Memorandum: The issues herein presented a sharp factual question as to whether injuries received by plaintiff, resulting in his becoming a quadriplegic, were caused through the negligent acts of the individual defendants (police officers employed by defendant city) or as the result of an earlier fall when plaintiff was pushed over a porch railing and fell to the ground below. Participants in this earlier episode were one Cirino and a Miss Bell who were living together. They were called as witnesses by defendants and related the events which culminated in Miss Bell pushing plaintiff over the porch railing. In the course of their testimony defendants offered and there were received over objection seven photographs wherein a police officer and one or both of the witnesses are depicted re-enacting their version of how the accident happened. We conclude that the receipt of these obviously "staged" photographs was highly prejudicial to plaintiff and a new trial is mandated. (Appeal from judgment of Ontario Trial Term dismissing complaint in action for damages for assault and battery.) Present — Del Vecchio, J. P., Marsh, Moule and Bastow, JJ.

■ ROBERTA J. SHERWOOD, Respondent, v. JUSTIN FLEMING, Appellant. (Appeal No. 1) — Judgment unanimously reversed on the law and facts and a new trial granted, with costs to abide the event. Memorandum: The testimony and photographs received in evidence clearly show that the right side of defendant's car was struck by plaintiff and, further, that the collision occurred in the curb or most westerly lane of the two southbound lanes of Scottsville Road, while plaintiff was proceeding southerly thereon and defendant was proceeding westerly in the intersection, preparatory to entering Aztec Drive. From this, an inference might be drawn that defendant's vehicle entered the intersection before plaintiff's vehicle. This inference could have been overcome in the minds of the jurors by other evidence, and in the absence of error we might not disturb the jury verdict in favor of the plaintiff. We conclude, however, that in this case the error in the court's charge may have affected the result. Clear cut questions of fact were presented and the court improperly instructed the jury that the defendant was guilty of negligence as a matter of law. The court also failed adequately to explain to the jury that the right-of-way rule dictated by section 1141 of the Vehicle and Traffic Law depended upon the position and speed of the respective vehicles at the time the defendant entered the intersection (*Anderson* v. *Burkardt*, 275 N. Y. 281; *Maryinuk* v. *Pendell*, 27 A D 2d 694; *Palmigiano* v. *Stiles*, 282 App. Div. 826). Furthermore, the court failed to explain to the jury that before the defendant could be cast in liability, they were required also to find that any negligence on his part must have been a proximate cause of the accident and injuries (*Cole* v. *Swagler*, 308 N. Y. 325, 331; *Fulton* v. *Benskin & King Bldg. & Design Assoc.*, 31 A D 2d 643; *Ortiz* v. *Kinoshita &*