■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY J. MACKIE, Appellant. — Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: Defendant was convicted by a jury verdict after a retrial (see *People v Mackie,* 77 AD2d 778) of four counts of rape in the first degree. He argues that the court should have granted his motion to suppress a statement taken by the police and testimony pertaining to voice and lineup identifications upon the ground that at the time of the police interrogation and the identification procedures, he was not accorded his right to representation by counsel (see *People v Samuels,* 49 NY2d 218; see, also, *People v Banks,* 53 NY2d 819). The statement was taken and the identification procedures were held on November 28, 1979 after criminal proceedings had commenced with the filing of a felony complaint and defendant's formal arrest. Because the case is still on appellate review, *Samuels* must be applied retrospectively (see *People v Pepper,* 53 NY2d 213, cert den 454 US 967). There is no evidence of exigent circumstances such as would excuse the holding of the identification procedures in the absence of counsel (see *People v Hawkins,* 55 NY2d 474, 487), and the testimony should have been excluded (see *United States v Wade,* 388 US 218; *People v Hawkins, supra*). Because the victim was the only witness to identify defendant, we cannot view the erroneous admission of the strong corroboration of the accuracy of her identification as harmless beyond a reasonable doubt (see *People v Crimmins,* 36 NY2d 230, 237; compare *People v Adams,* 53 NY2d 241, 252). We reject the People's contention that defendant is precluded from urging the *Samuels* point because it was not raised at the time of argument of the prior appeal, which took place subsequent to the *Samuels* decision. Our reversal was on other grounds and defendant objected on the basis of *People v Samuels (supra)* at the retrial. Moreover, the constitutional right to counsel is fundamental and its denial may, in any event, be raised for the first time on appeal (see *People v Banks, supra,* pp 820-821). ¶ Because a new trial is required under the *Samuels* rule, we need not reach other grounds urged for reversal. ¶ We hold that defendant is entitled to a *Sandoval* hearing. In the event defendant is convicted after a retrial, the sentencing court should hold a new hearing (CPL 400.20) if it contemplates imposing a persistent felony offender sentence (Penal Law, § 70.10, subd 2). (Appeal from judgment of Cayuga County Court, Contiguglia, J. — rape, first degree, and sodomy, first degree.) Present — Dillon, P. J., Hancock, Jr., Denman, Green and Moule, JJ.

■ MARCIA L. ZAMBITO, Appellant, v VILLAGE OF ALBION, Respondent. — Order unanimously reversed, without costs, and motion denied. Memorandum: Plaintiff was injured when she was hit in the face by an errantly thrown ball while watching a softball game at Bullard Park, owned, operated and maintained by the defendant. At the time, plaintiff was seated in the bleachers located behind first base. This was the only seating provided in the ball park and the area was not screened or otherwise protected. Behind home plate there was a backstop but no seating. Special Term granted summary judgment to the defendant relying on *Akins v Glens Falls City School Dist.* (53 NY2d 325). ¶ Special Term erred. Since here there was no seating where there was screening and no screening where there was seating, a situation not present in *Akins,* a jury question is presented regarding the alleged negligence of defendant in failing to exercise reasonable and ordinary care to protect spectators from foreseeable dangers (see *Caldwell v Village of Is. Park,* 304 NY 268, 274; *Sadowski v Long Is. R. R. Co.,* 292 NY 448, 455-456; *Benjamin v State of New York,* 115 Misc 2d 71, affd 96 AD2d 762). (Appeal from order of Supreme Court, Orleans County, Miles, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Denman, Green and Moule, JJ.