OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiffs nine-year-old son was struck in the face by a hockey puck while standing along the dasher boards during a hockey game at defendant’s rink. The rink was enclosed with a dasher board three and one-half feet high with a three-foot section of plexiglass mounted above the boards at both ends. The plexiglass extended from the blue line on one side around the ends of the rink, behind the goals, to the blue line on the other side. There was no plexiglass on the sides of the rink between the blue lines. Movable bleachers were located in this unprotected area on one side and the infant was struck when he was standing in front of the bleachers beside a section of the dasher boards that did not have the plexiglass above it.
Plaintiff contends that this case is distinguishable from our decision in Akins v Glens Falls City School Dist. (53 NY2d 325). She contends that the "practical realities” of the sport of hockey are such that a proprietor of a rink has a duty, in the exercise of reasonable care, to provide protective screening around the entire rink. We need not decide whether such a duty exists, however, for plaintiff offered no evidence of how the practical realities of the" sports of baseball and hockey differ and thus has failed to establish that the duty we defined in Akins is inapplicable (see, Ingersoll v Onondaga Hockey Club, 245 App Div 137, 139; but see, Benjamin v State of New York, 115 Misc 2d 71, 73, affd 96 AD2d 762).
Assuming, without deciding, that defendant breached its duty to provide a sufficient number of protected seats to accommodate as many spectators as reasonably may be expected to desire such seating at an ordinary game (Akins v Glens Falls City School Dist., supra, at pp 330-331; see, Zambito v Village of Albion, 100 AD2d 739), defendant’s negligence cannot be characterized as a direct cause of the injuries suffered by plaintiffs son. Because he was not sitting in the bleachers when the accident occurred, plaintiff cannot contend that but for the negligent placement of the bleachers the *1036 infant would not have been hit. Having made the decision to stand in an unprotected area, plaintiff’s son may not now be heard to complain that defendant’s seating arrangements were negligent when he has not asserted that there was no room to stand along the protected section of the dasher boards or that he was prevented from doing so.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.