■ MARIE ROSA et al., Respondents-Appellants, v COUNTY OF NASSAU et al., Appellants-Respondents, and NEW YORK ISLANDERS HOCKEY CLUB, INC., Respondent.—In a negligence action to recover damages for personal injuries, etc., (1) the defendants County of Nassau and Hyatt Management Corp. of New York appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated February 5, 1988, as denied their cross motion for summary judgment dismissing the complaint and all cross claims as against them, and (2) the plaintiffs cross-appeal from so much of the same order as granted the motion of the defendant the New York Islanders Hockey Club, Inc., for summary judgment dismissing the complaint as against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the cross motion of the defendants County of Nassau and Hyatt Management Corp. of New York for summary judgment dismissing the complaint and all cross claims as against them and substituting therefor a provision granting that cross motion; as so modified, the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The plaintiff Marie Rosa alleges that she was injured when she was struck in the mouth with a hockey puck while in attendance as a spectator at a hockey game at the Nassau Coliseum. The protective Plexiglas screening surrounding the ice rink at the section where she was seated was approximately 3 feet high and was set atop boards which themselves were approximately 3 feet high. The Plexiglas screen was approximately 6 feet high behind the goal areas of the rink.

As a result of her injuries, Marie Rosa commenced this action against the County of Nassau (hereinafter the County) as the owner of the facility, the Hyatt Management Corp. of New York (hereinafter Hyatt) as the manager of the facility, and the New York Islanders Hockey Club, Inc. (hereinafter the Islanders Club). The Islanders Club subsequently moved for summary judgment dismissing the complaint as against it, and the County and Hyatt cross-moved for the same relief and for dismissal of all cross claims asserted against them. The Supreme Court granted the motion of the Islanders Club, reasoning that it neither owns nor is it responsible for the design or maintenance of the protective screening. However, the cross motion of the County and Hyatt was denied on the ground that a triable issue of fact existed as to the adequacy of the protective screening. We now modify the Supreme Court's order by granting the motion of the County and Hyatt for summary judgment dismissing the complaint and all cross claims.

It is well settled that an owner or occupier of land is under a duty to exercise reasonable care under the circumstances to prevent injury to those present on the property (see, Scurti v City of New York, 40 NY2d 433; Basso v Miller, 40 NY2d 233). In the context of sporting facilities, the proprietor of the facility need only provide screening or other safety devices for the area of the facility where the danger of injury to spectators is greatest, and that screening must provide adequate protection for as many spectators as may reasonably be expected to desire such seating in the course of an ordinary game (see, Davidoff v Metropolitan Baseball Club, 61 NY2d 996, 998; Akins v Glens Falls City School Dist., 53 NY2d 325, 331). Absent proof that the practical realities of the sport of ice hockey mandate the imposition of a different duty of care (see, Gilchrist v City of Troy, 67 NY2d 1034), we find, as a matter of law, that the protective screening employed in this case satisfied the duty of care owed by the County and Hyatt to the injured plaintiff. The mere fact that the screening did not totally eliminate the inherent risk of spectator injury does not alter our conclusion (see, Akins v Glens Falls City School Dist., supra), as the imposition of such a requirement would saddle sporting facility proprietors with the undue burden of being insurers of their patrons.

Moreover, the Supreme Court acted properly in granting the motion of the Islanders Club for summary judgment. It is undisputed that the Islanders Club does not own, operate or exercise control over the facility involved herein. Accordingly,

it has neither the authority nor the ability to dictate the manner in which the facility is operated and maintained and cannot be held answerable for the injuries sustained by Marie Rosa *(see, Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1). Bracken, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.