■ JOAN T. KELLY, Individually and as Parent and Natural Guardian of PATRICK KELLY, an Infant, et al., Respondents, v GREAT NECK UNION FREE SCHOOL DISTRICT et al., Appellants. [597 NYS2d 136] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Burke, J.), entered February 8, 1991, which denied their separate motions for summary judgment dismissing the complaint and cross claims.

Ordered that the order is reversed, on the law, the motions are granted, and the complaint and cross claims are dismissed; and it is further,

Ordered that the appellants, appearing separately and filing separate briefs, are awarded one bill of costs.

This negligence action arises out of an incident that occurred on the property of the Great Neck Union Free School District, which premises were patrolled by security personnel provided by the defendant HSC Security (hereinafter HSC). The incident occurred on August 7, 1985, when the infant plaintiff Patrick Kelly, the defendant Eamon Ward, and several other young boys played a game called "ring-o-levio". (We have adopted the spelling used by the parties in their briefs, although there are alternate spellings and descriptions, such as ring-a-lievo, ring-a-levio, ring relievo, and relievo *[see,* Webster's Third New Intl Dictionary of the English Language 1918, 1958]. Our colleagues in the First Department have spelled it "ring-a-levio" *[see, Greaves v Bronx Y.M.C.A.,* 87 AD2d 394, 395]. We need not resolve this issue.) During the course of the game, in keeping with the game's objective, Patrick attempted to "capture" Eamon. As Patrick tried to hold Eamon, Patrick stumbled and fell through a glass window on the ground floor of the school building. The plaintiffs initiated suit against (1) the school district, alleging that it had permitted an unreasonably dangerous condition to exist on its property, (2) HSC, alleging that it was negligent in its patrol of the school grounds, and (3) Eamon, alleging that he negligently and recklessly caused Patrick's injuries. During

discovery it was established that it was the school district that exercised complete control and supervision over the security guards provided by HSC. The Supreme Court denied the defendants' separate motions for summary judgment dismissing the complaint, stating that it could not hold as a matter of law that any defendant was free from negligence. We disagree.

We find that the defendants demonstrated their entitlement to summary judgment and that the plaintiffs failed to meet their burden with respect to each cause of action in the complaint. Specifically, Eamon established that Patrick had assumed the risk of injury by knowingly consenting to the game of ring-o-levio *(see, Turcotte v Fell,* 68 NY2d 432, 438-439; *Maddox v City of New York,* 66 NY2d 270, 278; *Sutfin v Scheuer,* 74 NY2d 697, 698). HSC established that it did not owe a duty to Patrick because it did not control or supervise the security guards *(see, Rosa v County of Nassau,* 153 AD2d 618, 619-620) and, in any event, HSC's acts or omissions were not the proximate cause of Patrick's injuries *(see, O'Britis v Peninsula Golf Course,* 143 AD2d 123, 124-125). The school district established that it did not owe a duty to Patrick *(see, Benjamin v City of New York,* 99 AD2d 995, 996) and, in any event, the school district's acts or omissions were not the proximate cause of Patrick's injuries, but merely furnished the condition for the event's occurrence *(see, Silver v Sheraton-Smithtown Inn,* 121 AD2d 711, 711-712). Thompson, J. P., Rosenblatt, O'Brien and Pizzuto, JJ., concur.