■ BEATRICE T. YULE et al., Appellants, v TOWN OF HUNTINGTON et al., Defendants, and INCORPORATED VILLAGE OF NORTHPORT et al., Respondents. [611 NYS2d 652] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), dated July 20, 1992, which, *inter alia,* granted the motion of the defendant Incorporated Village of Northport for summary judgment dismissing all cross claims asserted against it, granted the motions of the defendants Northport Running Club and Northport American Legion Post 694 for summary judgment dismissing the complaint and all cross claims asserted against them, and upon searching the record, granted summary judgment to the non-moving defendant J. Alyward dismissing the complaint and all cross claims asserted against him.

Ordered that the appeal from so much of the order which granted the motion of the defendant Incorporated Village of

Northport for summary judgment dismissing all cross claims asserted against it is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiff, Beatrice Yule, was a spectator at the 1985 Ninth Annual Great Cow Harbor 10-Kilometer Run. While crossing Scudder Avenue, a public street used for the race, she allegedly sustained injuries when she collided with the defendant J. Alyward, a participant in the race. Beatrice Yule commenced this action asserting that the Incorporated Village of Northport, as owner of Scudder Avenue, and the Northport Running Club and the Northport American Legion Post 694, as sponsors and organizers of the race, caused her injuries by negligently failing to take adequate measures to safeguard against collisions between spectators and participants of the race. Beatrice Yule claimed that J. Alyward caused her injuries by negligently failing to avoid the collision and by stepping on her following the collision.

Initially, we note that the plaintiffs are not aggrieved by so much of the court's July 20, 1992, order which granted summary judgment to the Incorporated Village of Northport dismissing all cross claims asserted against it, and therefore they have no right to appeal from that portion of the order (see, CPLR 5511; Lackner v Roth, 166 AD2d 686; Nunez v Travelers Ins. Co., 139 AD2d 712). The Supreme Court did not err in granting summary judgment to the remaining defendants. Barricades were provided at the finish line and police protection was provided at the intersections. These were the areas where the danger of injury to spectators was greatest, and, therefore, these precautions satisfied any duty of care owed by the Village and other organizers of the race to the injured plaintiff (see generally, Rosa v County of Nassau, 153 AD2d 618). The fact that the barricades and police did not completely eliminate the inherent risk of spectator injury does not alter our conclusion (see generally, Rosa v County of Nassau, supra). Having made the decision to cross the street at an unprotected area without a crosswalk or police guidance during the course of a race that she knew was in progress, Mrs. Yule may not now contend that the Village and other organizers of the race were negligent in their placement of the barricades or failure to warn spectators against crossing the street during the race (see, Gilchrist v City of Troy, 67 NY2d

1034; *Rowell v Town of Hempstead,* 186 AD2d 553; *Olsen v State of New York,* 30 AD2d 759, *affd* 25 NY2d 665). To impose a duty to provide a barricade, roping or other such devices alongside the entire route of a 10-kilometer race where the spectators were relatively sparse would be unduly burdensome and would require the Village and other organizers of the race to become insurers of the spectators *(see generally, Rosa v County of Nassau, supra).*

The defendant Alyward owed no duty to Beatrice Yule as he was competing in a 10-kilometer run during which she entered the track, thus placing herself in danger of colliding with a runner *(see, Sutfin v Scheuer,* 74 NY2d 697, 698). We further note that the Supreme Court was not precluded from granting summary judgment to Alyward by virtue of his status as a non-moving party. The Supreme Court is empowered to search the record and grant summary judgment to a non-movant *(see,* CPLR 3212; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *Addolorato v Safeguard Chem. Corp.,* 177 AD2d 680).

The plaintiffs' remaining contentions are without merit. Balletta, J. P., Copertino, Hart and Krausman, JJ., concur.