■ VINCENT CANNAVALE et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [683 NYS2d 528] —Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 17, 1997, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

No triable issues of fact are raised by plaintiff's allegations that while watching a semi-professional football game from the sidelines near the middle of the field, he perceived some children also on the sidelines in danger of being trampled by onrushing players, and, attempting to push the children out of the way, was himself trampled by the players. Assuming, without deciding, that defendant City, the proprietor of this field located on the grounds of a public high school, breached a duty to spectators to provide seating or security personnel to keep people from getting too close to the play, such duty was negated, or such breach cannot be characterized as a direct cause of plaintiff's injuries, because plaintiff assumed the risk of being trampled. As the motion court pointed out, relying on plaintiff's General Municipal Law § 50-h testimony, "spectators were standing 'all over the place' indicating that there was available space to stand elsewhere other than where plaintiff chose to stand", i.e., further back from the play (*see, Gilchrist v City of Troy*, 67 NY2d 1034; *Cadieux v Board of Educ.*, 25 AD2d 579; *see also, Akins v Glens Falls City School Dist.*, 53 NY2d 325, 329). The dangers of watching a football game from the sidelines of a field with no protective barriers are inherent in the sport and " 'perfectly obvious' ", and no dangerous condition " 'over and above' " such inherent risk was created by the lack of seating or security personnel (*Morgan v State of New York*,

90 NY2d 471, 484-485). Since the children too had assumed the risk of being trampled (*see, Gilchrist v City of Troy, supra*; *cf., Heard v City of New York*, 82 NY2d 66, 71), the danger-invites-rescue does not apply (*see, Guarino v Mine Safety Appliance Co.*, 25 NY2d 460, 465). Concur—Sullivan, J. P., Lerner, Rubin and Tom, JJ.