■ Nassau Health Care Corporation, Appellant, v Civil Service Employees Association, Inc., Respondent. [799 NYS2d 85]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated February 13, 2004, the petitioner appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered August 6, 2004, which denied its petition to vacate the award and granted the cross petition to confirm the award.

Ordered that the order is reversed, on the law, with costs, the cross petition is denied, the petition is granted, and the arbitration award is vacated.

The collective bargaining agreement (hereinafter the CBA) between the petitioner and the respondent contained two separate grievance procedures. Section 23 of the CBA governed contract grievances and provided, inter alia, that an employee has four calendar months from the date of an aggrievement to file a contract grievance. Section 10 of the CBA governed disciplinary procedures and grievances. It provided in subsection 10-8.1 that disciplinary grievances must be initiated within 25 calendar days of the imposition of disciplinary action or of the employee's receipt of notice of disciplinary action, whichever date is first. Subsection 10-9.4, governing disciplinary arbitration, provided that an "arbitrator shall have no authority to add to, subtract from, modify or change in any way the provisions of this Agreement . . . or to extend its duration, unless the parties have expressly agreed, in writing, to give the arbitrator specific authority to do so, or to make an Award which has this effect."

The grievant, a Patient Care Aide I in the Psychiatric Unit of Nassau University Medical Center (hereinafter the hospital), was involuntarily laterally transferred on February 28, 2003, to the ICU-2 unit of the hospital. On or about May 17, 2003, he filed a contract grievance asserting that his transfer violated the seniority provisions of the CBA. Before the arbitrator, however, the respondent argued that the transfer violated the disciplinary procedures set forth in the CBA. Over the petitioner's objection with respect to the timeliness of the grievance as a disciplinary matter, the arbitrator determined that the transfer was disciplinary in nature in violation of the CBA. In so ruling, the arbitrator exceeded an express limitation on his powers by ignoring the limitations period for filing disciplinary grievances thereby extending the grievant's right to file a disciplinary grievance beyond the period set forth in the CBA (*see* CPLR 7511 [b] [1] [iii]; *Matter of Brijmohan v State Farm Ins. Co.,* 92 NY2d 821, 822-823 [1998]; *Matter of Local 345 of Retail Store Empls. Union [Heinrich Motors],* 63 NY2d 985, 987 [1984]; *Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.,* 308 AD2d 452, 454 [2003]; *Matter of Hill v Chancellor of Bd. of Educ. of City School Dist. of N.Y.,* 258 AD2d 462, 463 [1999]; *Matter of Local Union 1566, Intl. Bhd. of Elec. Workers v Orange & Rockland Util.,* 126 AD2d 547 [1987]). Accordingly, the Supreme Court erred in denying the petition to vacate the award on this ground and in granting the cross petition to confirm the award.

In view of the foregoing, we do not reach the petitioner's remaining contentions. Santucci, J.P., Luciano, Crane and Skelos, JJ., concur.