■ In the Matter of LOCAL 832 TERMINAL EMPLOYEES OF THE CITY OF NEW YORK, Respondent, v DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, Appellant. [876 NYS2d 30]—

Order, Supreme Court, New York County (Charles J. Tejada, J.), entered September 19, 2007, which granted the petition to compel arbitration and denied respondent's cross motion to dismiss the petition, unanimously modified, on the law, to vacate the granting of the petition to compel arbitration, the matter remanded for an evidentiary hearing to determine whether respondent is estopped to invoke as a bar to arbitration petitioner's failure to comply with the collective bargaining agreement's 30-day limitation period for the presentment of a formal grievance, and otherwise affirmed, without costs.

Petitioner Local 832 Terminal Employees of the City of New York (Local 832) is the union that represents school lunch managers and school food service managers employed by respondent Department of Education of the City of New York (DOE). DOE required certain members of Local 832 to work on Monday, January 3, 2005. Local 832 contends that, under the applicable collective bargaining agreement (CBA), its members are entitled to a 50% cash premium for work on that date, since it was the first Monday following a weekend New Year's Day. However, the paychecks for the period including January 3, 2005 (which were issued on January 14, 2005) did not include such extra pay.

According to the affidavit of Local 832's president, when he informally raised with DOE management the issue of extra pay

for January 3, 2005, he was told to "hold off" on filing a formal grievance in the hope that the matter could be resolved informally. After months went by without a substantive response from DOE, Local 832 filed a formal grievance on June 15, 2005. Ultimately, Local 832 commenced this proceeding pursuant to CPLR 7503 (a) to compel arbitration of the matter in accordance with the grievance resolution provisions of the CBA.

DOE opposed the petition on the ground, inter alia, that Local 832 failed to comply with the requirement of article XXIII of the CBA that "a complaint concerning any condition of employment within the authority of [DOE]" be presented as a formal grievance "within a reasonable period, *not to exceed 30 days*, of time *following the action complained of*" (emphasis added).* Supreme Court granted the petition, finding that Local 832 "satisfactorily complied" with the CBA by attempting to resolve the dispute informally before presenting a formal grievance, as the CBA contemplates. We now set aside the grant of the petition and remand for an evidentiary hearing to determine whether DOE's conduct estops it from invoking, as a bar to arbitration, Local 832's failure to comply with the CBA's 30-day limitation period for presenting a formal grievance.

We agree with DOE that Local 832 did not formally present its grievance within the 30-day time frame required by the CBA, and that compliance with this time frame is, under the CBA, a "condition precedent to access to the arbitration forum" (*see Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 5 [1980]). Contrary to Local 832's argument, the phrase "the action complained of" in the CBA provision at issue unambiguously refers to the action of DOE that is the subject of the underlying complaint (i.e, the "complaint concerning any condition of employment" referenced earlier in the same sentence). Local 832's assertion that the provision at issue should be interpreted to require only that a grievance be presented "within a reasonable time after the informal complaint process fails" is untenable, since the failure to resolve an issue informally is not itself grounds for complaint. Further, since the informal complaint procedure, by virtue of its very informality, will not necessarily have any clearly defined point of termination, Local 832's reading of the CBA would essentially render

---

* The relevant sentence of article XXIII of the CBA states in full: "If the matter has not been disposed of informally, an employee having a complaint concerning any condition of employment within the authority of [DOE] may, within a reasonable period, not to exceed 30 days, of time following the action complained of, present such complaint as a grievance in accordance with the provisions of this grievance procedure."

nugatory the contractual 30-day time frame for filing a formal grievance. Local 832 correctly points out that the CBA "contemplates that time be given to permit the parties to resolve matters informally before initiating a formal grievance." This is still consistent with the requirement that the formal grievance process be initiated within 30 days. Local 832's concern that 30 days is not sufficient time for the informal complaint procedure to work does not allow us to reach a different result. It is not this Court's role to rewrite the contractual terms that the parties have freely negotiated and agreed upon through the collective bargaining process.

We further note that article XXIII of the CBA provides that, in the event a grievance goes to arbitration, the arbitrators "shall be without power or authority to make any decision . . . [c]ontrary to, or inconsistent with, or modifying or varying in any way, the terms of [the CBA]." It has been held that a contractual limitation of this sort on the power of the arbitrators mandates vacatur of an arbitration award granting relief based on a grievance that was presented after expiration of the limitation period set forth in the governing collective bargaining agreement (*see Nassau Health Care Corp. v Civil Serv. Empls. Assn., Inc.*, 20 AD3d 401, 402 [2005]; *Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.*, 308 AD2d 452, 454 [2003]; *Matter of Hill v Chancellor of Bd. of Educ. of City School Dist. of N.Y.*, 258 AD2d 462, 463 [1999]).

Although Local 832 failed to commence the formal grievance process within the time frame mandated by the CBA, a factual issue exists on this record as to whether DOE is estopped to oppose arbitration based on the untimely presentment of the grievance. As previously noted, the president of Local 832 asserts that, when he raised the matter in oral conversation with DOE management personnel, they told him to "hold off" on presenting a formal grievance so that DOE could "look into it and see if we can accomplish what you are requesting." In response to the president's later calls, DOE repeatedly stated that it was still "looking into it." Local 832 contends that it was in reliance on these assurances by DOE that it refrained from initiating the formal grievance procedure for approximately five months after the issue arose. These allegations, which DOE has not controverted, raise a factual issue as to whether DOE is estopped to invoke as a bar to arbitration Local 832's failure to present a formal grievance within the 30-day period (*cf. Baron v Lombard*, 71 AD2d 823, 824 [1979], *affd* 50 NY2d 896 [1980] [employee's conduct, on which employer reasonably relied in scheduling disciplinary hearing, estopped employee to claim

that he had not waived the right to such a hearing within the time frame mandated by the collective bargaining agreement]). Accordingly, we remand for a hearing to determine whether DOE is estopped as Local 832 claims, with the petition to be granted if DOE is found to be estopped or, alternatively, to be denied if DOE is found not to be estopped.

We reject DOE's argument that the petition is barred by Local 832's failure to comply with Education Law § 3813 (1), which requires, as a precondition to commencement of an action or special proceeding against DOE, that "a written verified claim" be presented to DOE "within three months after the accrual of such claim." In view of the CBA's specification of "detailed [grievance] procedures which are 'plainly inconsistent with those contained in [the statute]' " (*Matter of Geneseo Cent. School [Perfetto & Whalen Constr. Corp.]*, 53 NY2d 306, 311 [1981], quoting *Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.]*, 45 AD2d 85, 86 [1974]), it is evident that the parties intended to make the statutory notice-of-claim provision inapplicable (*see Civil Serv. Empls. Assn. v Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak*, 230 AD2d 703 [1996]; *Matter of South Colonie Cent. School Dist. [South Colonie Teachers' Local 3014]*, 86 AD2d 686 [1982]).

We have considered DOE's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, McGuire, Renwick and Freedman, JJ.