■ KEVIN J. VIVYAN et al., Appellants, v ILION CENTRAL SCHOOL DISTRICT et al., Respondents. [886 NYS2d 268]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered September 19, 2008 in a personal injury action. The order granted the motion of defendants for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is

unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Kevin J. Vivyan (plaintiff) when he was hit in the head by a ball while watching a baseball game. The game was organized by defendant Ilion Memorial Post #920, American Legion, Inc. and was played at Diss Field, which was owned and operated by defendants Ilion Central School District and Board of Education of Ilion Central School District. Plaintiff was seated in an unscreened bleacher located behind the first baseline when the ball struck him. Although there was a grassy area behind the backstop at home plate, there were no bleachers or other seats there.

We conclude that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. Although defendants established that they "provide[d] screening for the area of the field behind home plate where the danger of being struck by a ball is the greatest" (*Akins v Glens Falls City School Dist.*, 53 NY2d 325, 331 [1981], *rearg denied* 54 NY2d 831 [1981]), they failed to establish that "such screening [was] of sufficient extent to provide adequate protection for as many spectators as may reasonably be expected to desire such seating in the course of an ordinary game" (*id.*). Indeed, the record establishes that "there was no seating where there was screening and no screening where there was seating . . . , [and thus] a jury question is presented regarding the alleged negligence of defendant[s] in failing to exercise reasonable and ordinary care to protect spectators from foreseeable dangers" (*Zambito v Village of Albion*, 100 AD2d 739 [1984]). Contrary to the contention of defendants, the fact that there was space in which individuals could stand behind the backstop does not satisfy their duty of care, in accordance with the standard set forth in *Akins*. Contrary to the further contention of defendants, because they failed to meet their initial burden of establishing as a matter of law that they satisfied their duty of care (*cf. Ray v Hudson Val. Stadium Corp.*, 306 AD2d 264 [2003], *lv denied* 2 NY3d 704 [2004]), the issue whether plaintiff assumed the risk of injury must be determined at trial (*cf. Gilchrist v City of Troy*, 67 NY2d 1034, 1035-1036 [1986]; *see generally* CPLR 1411). Present—Smith, J.P., Centra, Fahey, Carni and Pine, JJ.