# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

473

CA 11-01839

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

KEVIN J. VIVYAN AND TERRI L. VIVYAN,
PLAINTIFFS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

ILION CENTRAL SCHOOL DISTRICT, BOARD OF
EDUCATION OF ILION CENTRAL SCHOOL DISTRICT AND
ILION MEMORIAL POST #920, AMERICAN LEGION, INC.,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

DOUGLAS G. ROBERTS, SYRACUSE, FOR PLAINTIFFS-APPELLANTS.

ROEMER WALLENS GOLD & MINEAUX, LLP, ALBANY (MATTHEW J. KELLY OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Herkimer County
(Michael E. Daley, J.), entered April 29, 2011 in a personal injury
action.  The judgment granted judgment to defendants upon a verdict of
no cause of action.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiffs commenced this action seeking damages for
injuries sustained by Kevin J. Vivyan (plaintiff) when he was hit in
the head by a ball while watching a baseball game.  The game was
organized by defendant Ilion Memorial Post #920, American Legion,
Inc., and was played at Diss Field, which was owned and operated by
defendants Ilion Central School District and the Board of Education of
Ilion Central School District.  Plaintiff was seated in an unscreened
bleacher located behind the first baseline.  Although there was a
grassy area behind the backstop at home plate, there were no bleachers
or other seats there.

Following discovery, Supreme Court granted defendants' motion for
summary judgment dismissing the complaint.  We reversed, holding that,
because " 'there was no seating where there was screening and no
screening where there was seating[,] . . . a jury question [was]
presented regarding the alleged negligence of defendant[s] in failing
to exercise reasonable and ordinary care to protect spectators from
foreseeable dangers' " (*Vivyan v Ilion Cent. School Dist.*, 66 AD3d
1389, 1390, quoting *Zambito v Village of Albion*, 100 AD2d 739).
Following the subsequent trial, a jury determined that defendants were

not negligent.  The court thereafter denied plaintiffs' motion to set aside the verdict, and this appeal ensued.

Plaintiffs contend that the court erred in failing to instruct the jury "as to the decisional law that was applicable to this ball field liability case."  We reject that contention and conclude that the court's instructions, "as a whole, adequately conveyed the sum and substance of the applicable law" (*Turner v CSX Transp., Inc.* [appeal No. 5], 72 AD3d 1597, 1598 [internal quotation marks omitted]; *see Delong v County of Chautauqua* [appeal No. 2], 71 AD3d 1580, 1581; *Garris v K-Mart, Inc.*, 37 AD3d 1065, 1066).

Contrary to plaintiffs' additional contention, the court did not abuse or improvidently exercise its discretion by admitting in evidence photographs establishing that there was room behind the screened area for plaintiffs to stand or to set up their own lawn chairs (*see Kartychak v Consolidated Edison of N.Y.*, 304 AD2d 487; *see e.g. Anand v Kapoor*, 61 AD3d 787, 788-789, *affd* 15 NY3d 946; *Moore v Suburban Fuel Oil Serv.*, 22 AD2d 827, 828, *affd* 16 NY2d 647; *cf. Torres v City of Geneva*, 33 AD2d 880).  "Demonstrative evidence [such as a photograph] is not per se prejudicial and the determination as to its appropriateness lies in the sound discretion of the trial court" (*Rojas v City of New York*, 208 AD2d 416, 417, *lv denied* 86 NY2d 705).

Entered:  April 20, 2012                              Frances E. Cafarell
                                                      Clerk of the Court