█ In the Matter of the Arbitration between ADIRONDACK BEVERAGES CORPORATION, Respondent, and BAKERY, LAUNDRY, BEVERAGE DRIVERS AND VENDING MACHINE SERVICEMEN AND ALLIED WORKERS, LOCAL UNION NO. 669 OF ALBANY, NEW YORK AND VICINITY, an Affiliate of the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Appellant. [968 NYS2d 711]—

Stein, J. Appeal from an order and judgment of the Supreme Court (McDonough, J.), entered June 5, 2012 in Albany County, which, among other things, granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Respondent is the union that represents employees at petitioner's work facility located in the Town of Glenville, Schenectady County. A collective bargaining agreement (hereinafter CBA) between petitioner and respondent sets forth job classifications and corresponding wage rates. In the fall of 2008, petitioner reassigned some of its highest paid classification of

employees—mechanics—to other duties, which had the effect of causing employees in other lower-paid classifications to undertake duties that were previously performed by the mechanics. As a result of the reclassification, two employees filed grievances in October 2008. In November and December 2009, four more grievances were filed—two of which were virtually identical to the 2008 grievances—and respondent demanded arbitration with respect to these later grievances. Before the arbitrator, petitioner claimed that the 2009 grievances were not timely filed under the CBA. Following a hearing, the arbitrator rejected petitioner's challenge to the timeliness of the grievances and ultimately determined that certain employees were entitled to back wages, negotiations with respect to higher wages and a preference with respect to filling certain positions.

Petitioner then commenced this proceeding pursuant to CPLR 7511 seeking to vacate the arbitrator's award—primarily arguing that the arbitrator exceeded his powers by finding that the 2009 grievances were timely—and respondent filed a cross petition to confirm the arbitrator's award. Supreme Court concluded that the arbitrator exceeded his powers, granted the petition to vacate the arbitration award and remitted the matter for a rehearing to decide the timeliness of the grievances. The court reserved judgment on the cross petition pending the arbitrator's decision on the timeliness issue. Respondent now appeals.

We affirm. It is well established that an arbitrator's award is largely unreviewable (*see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530, 534 [2010]; *Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479-480 [2006], *cert dismissed* 548 US 940 [2006]; *Matter of Professional, Clerical, Tech., Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.]*, 103 AD3d 1120, 1121 [2013]). However, such an award may be vacated upon a showing that it " 'violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (*Matter of Albany Police Supervisor's Assn. [City of Albany]*, 95 AD3d 1491, 1493 [2012], quoting *Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d at 534; *see* CPLR 7511 [b] [1] [iii]; *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 14 NY3d 119, 123 [2010]).

Here, Supreme Court properly concluded that the arbitrator exceeded a specifically enumerated limitation on his power by failing to recognize the grievance and arbitration procedures as outlined in the CBA and, more particularly, the time limitation for filing grievances that is contained therein. In this regard, article VII, § 4 of the CBA states that "[t]he [a]rbitrator shall in

no way have the right to modify, add to[,] subtract from or [otherwise] alter the provision[s] of [the CBA]." Further, article VII, § 2 (A) of the CBA provides that "[t]he parties agree that they will promptly attempt to adjust any grievance or dispute, which may arise involving a question of the interpretation or application of any matter covered by [the CBA]" and that "[e]ach such grievance or dispute shall be reduced to writing by the grievant and submitted to the other party *within one (1) calendar week after the reason for such grievance or dispute has occurred, or after the grievant first has knowledge thereof"* (emphasis added).

Shortly after petitioner reassigned the mechanics in the fall of 2008, two employees submitted grievances claiming that the reassignments caused them to perform additional duties and, therefore, that they should be paid at a higher rate. These 2008 grievances were not arbitrated. More than a year later, in November and December 2009, four additional grievances were submitted, all of which were based upon the work reassignments made by petitioner in the fall of 2008. When a request for arbitration of these new grievances was filed in December 2009, petitioner argued that the 2009 grievances were untimely because they were not submitted within the seven-day time period set forth in the CBA.

In his award, the arbitrator recognized the CBA's limitation of his authority, as well as the time periods contained therein for submitting a grievance. Nonetheless, the arbitrator decided that he would "not mechanically apply the contractual limitations period in the instant case as to do so would discourage good faith negotiations in the future." By refusing to address whether the time limitation set forth in the CBA precluded the grievances from being arbitrated, the arbitrator ignored a specifically enumerated limitation on his powers and effectively modified, added to or subtracted from the terms of the CBA. As a result, Supreme Court properly vacated the arbitrator's award (*see Matter of Local 832 Term. Empls. of City of N.Y. v Department of Educ. of City of N.Y.*, 60 AD3d 567, 569 [2009]; *Nassau Health Care Corp. v Civil Serv. Empls. Assn., Inc.*, 20 AD3d 401, 402 [2005]; *Matter of Hill v Chancellor of Bd. of Educ. of City School Dist. of N.Y.*, 258 AD2d 462, 463 [1999]; *see also Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.*, 308 AD2d 452, 454 [2003]). Finally, we do not find any reason to disturb that part of Supreme Court's order and judgment which remitted the matter to a different arbitrator for a rehearing to determine whether the grievances were timely submitted under the CBA.

Respondent's remaining claims have been examined and are either academic or without merit.

Rose, J.P., Spain and Garry, JJ., concur. Ordered that the order and judgment is affirmed, without costs.