Landon v Kroll Lab. Specialists, Inc. (2019 NY Slip Op 02859)





Landon v Kroll Lab. Specialists, Inc.


2019 NY Slip Op 02859


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2016-13434
2016-13435
 (Index No. 9696/09)

[*1]Eric Landon, etc., respondent,
v
Kroll Laboratory Specialists, Inc., appellant.


Anderson & Ochs, LLP, New York, NY (Mitchel H. Ochs of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant appeals from (1) an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated August 27, 2015, and (2) an order of the same court dated November 10, 2016. The order dated August 27, 2015, denied the defendant's motion for summary judgment dismissing the complaint. The order dated November 10, 2016, insofar as appealed from, denied those branches of the defendant's subsequent motion which were for summary judgment dismissing the causes of action seeking to recover damages resulting from loss of liberty and emotional and psychological harm, and the demand for punitive damages.
ORDERED that the order dated August 27, 2015, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated November 10, 2016, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff tested positive for cannabinoids during a random drug test administered while he was serving a sentence of supervised probation for his conviction of forgery in the second degree. The drug test was performed by the defendant pursuant to a contract with the County of Orange. The plaintiff commenced this action alleging, inter alia, that the defendant's negligence resulted in a false positive test result. In an order dated August 27, 2015, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. In an order dated November 10, 2016, the Supreme Court, inter alia, denied those branches of the defendant's motion which were pursuant to CPLR 3126 to strike the causes of action seeking to recover damages resulting from loss of liberty and emotional and psychological harm, and for punitive damages. The defendant appeals from both orders.
Contrary to the defendant's contentions, it failed to establish its prima facie entitlement to judgment as a matter of law on the issues of duty, breach, and proximate cause (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324; Solomon v City of New York, 66 NY2d 1026; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562). The defendant's submissions did not establish, prima facie, that it performed the plaintiff's drug test "in keeping with relevant professional standards" (Landon v Kroll Lab. Specialists, Inc., 22 NY3d 1, 7; see Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, [*2]825-826; Braverman v Bendiner & Schlesinger, Inc., 121 AD3d 353), or that its conduct was not a substantial cause of the events which produced the plaintiff's alleged injury (see Mazella v Beals, 27 NY3d 694, 706). Since the defendant failed to meet its initial burden of establishing, prima facie, its entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
We agree with the Supreme Court's denial of those branches of the defendant's motion which were for summary judgment dismissing the causes of action seeking to recover damages resulting from loss of liberty and emotional and psychological harm, and the demand for punitive damages (see Ornstein v New York City Health and Hosps. Corp., 10 NY3d 1, 6; Kennedy v McKesson Co., 58 NY2d 500, 504-506; Johnson v State of New York, 37 NY2d 378, 381), and for punitive damages (see Ross v Louise Wise Servs., Inc., 8 NY3d 478, 489; Randi A.J. v Long Is. Surgi-Ctr., 46 AD3d 74, 81).
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court